INSURANCE COMPANY OF NORTH
AMERICA, Plaintiff-Appellee,

v.

Estelle STEVENS, Donald C. Stevens, and
Mark O'Neill, a minor, Defendants-
Appellants.

No. 29088
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 14, 1970.

Maurice Fixel, Hollywood, Fla., for defendants-appellants.

Charles C. Papy, Jr., Coral Gables, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

■ John Bolen was insured by Insurance Company of North America. His nephew, O'Neill, while riding as a passenger on a motorcycle being operated by Bolen's son, was injured when the motorcycle collided with an uninsured automobile. Insurance Company brought an action for declaratory judgment seeking a determination of its liability to O'Neill. In a non-jury trial, the District Court found that there was no coverage because, although O'Neill was a relation, he was not a resident in the same household of Bolen. We agree and affirm.[1]

The facts were stipulated. The only dispute concerns the correct interpretation of the Uninsured Motorists Coverage provisions. In pertinent part they provide:

> The definitions under Bodily Injury and Property Damage Liability Coverage, except the definition of "Insured" apply to Uninsured Motorists Coverage, and under Uninsured Motorists Coverage:
>
> "insured" means:
>
> (a) the named insured and any relative;

Bodily Injury and Property Damage Liability Coverage defines relative as follows:

> 'relative' means a relative of the named *insured who is a resident of the same household;* (emphasis supplied).

We agree with and adopt the District Court's conclusions:

> [T]o accept the defendant's construction of the terms of the policy would require the Court to construe the controlling provisions in a manner lending itself to strained and absurd results. Paddock v. Bay Concrete Industries, Inc., 154 So.2d 313 (Fla.App. 1963); See Also, Motor Vehicle Casualty Co. v. Atlantic National Insurance Co., 374 F.2d 601 (5 Cir. 1967).
>
> The term 'relative' as used in the 'Uninsured Motorists' section of the policy is, under the plain language of the policy, limited to relatives of the insured who are members of the same household. Only the definition of an 'insured' under the policy and no other definition is redefined specially for uninsured motorist coverage. The definition of the term 'relative' must be taken from the 'Bodily Injury and Property Damage Liability Coverage' section. (District Court's paragraph numbering deleted.)

■ Any other construction of the policy would indeed lead to an absurd result "[a]nd a Court ought always, we suppose, to hesitate a little bit at least before making a pronouncement that the parties *intended* a senseless result." Motor Vehicle Casualty Co. v. Atlantic National Insurance Co., supra, at 605.

Affirmed.

---

1. Pursuant to our Rule 18 this case is decided without oral argument.