COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, *v.* ALBERT ELMAN WATSON, *et al.*, Defendants-Appellees.

(No. 70-277; ■■■■■■■■

Second District—October 8, 1971.

Bert P. Snow, and John F. Graff, of Freeport, for appellant.

John A. Leemon, of Mt. Carroll, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiff, Country Mutual Insurance Company, brought a declaratory judgment action to determine its liability under an insurance policy issued to defendant. The trial court held for the defendant and plaintiff appeals.

The record shows that the plaintiff insured the defendant, A. E. Watson, under a liability policy covering his premises and the operation of his farm.

While insured, the defendant and his wife entered into an agreement with the Department of Children and Family Services of the State of Illinois. Pursuant to this agreement, defandants received $300 per month to retain placement space in their home for six children. They agreed to accept, for temporary care up to five months, any child referred by the Department.

Customarily, defendant took two of the boys who were staying with him, to feed the cattle. The boys had asked to participate in this activity and took turns doing so. On September 17, 1967, one of the boys, James C. Foster III, accompanied defendant and was given a knife with which to cut the string on the bales of hay. As the boy was so engaged, he accidentally inflicted injury to his eye.

A complaint for injuries was filed on behalf of the boy against the Department, defendant, and his wife. The defendant tendered the claim to the plaintiff, a reservation of rights was entered into and thereafter plaintiff commenced the instant proceedings.

The plaintiff contends that the trial court erred in its interpretation of two exclusionary provisions of the policy. Excluded are liabilities arising out of any business pursuit of the insured and injuries incurred by any resident of the defendant's household.

The policy defines "business" as a trade, profession or occupation *other than farming* and excludes:

"* * * any business pursuit of an insured, other than * * * activities therein which are ordinarily incident to non-business pursuits * * *."

■■ Plaintiff claims that by reason of the agreement with the Department, the defendant was in the business of maintaining a foster home and that the injury to the boy was incident to that business rather than the farming operation. It is argued that part of the defendant's duties under his arrangement with the Department was to train the children staying on the premises; that feeding of the cattle was part of that training and therefore, the injury occurred during and as a result of defendant's business pursuits. The evidence reveals that helping to feed the cattle was a pleasure not a chore for the children and it was customary for the children to take turns in participating in this form of recreation. We agree with the trial court that the defendant was in the course of his non-business pursuit of farming and the cutting of the string on the bales of hay was an activity "ordinarily incident" to that non-business pursuit. See, *State Farm Fire & Cas. Co. v. MacDonald* (1967) 87 Ill.App.2d 15.

Plaintiff further claims that the boy was a resident of defendant's household and therefore, excluded from coverage under the insurance contract. The policy does not cover injuries incurred by the insured, his spouse, or "residents of his household". The trial court found the boy was not a resident of the defendant's household. It should be emphasized at this point that we are here called upon to determine if the boy was a resident of the defendant's household, not to determine his residence.

■■ The plaintiff has correctly pointed out that "residence" has no fixed, exact meaning in the law, but varies with context and subject matter. *Hughes v. Illinois Public Aid Com.* (1954), 2 Ill.2d 374, 380. There has been no Illinois decision cited, nor has our research revealed a case, which has interpreted the phrase "resident of his household"; however, numerous Illinois cases have construed the term "resident" in a context other than as applied to insurance policies. These cases support the statement found in *Routt v. Barrett* (1947), 396 Ill. 322, 344, that, "The word 'resident' is in common usage and is generally understood to mean one having more than mere physical presence." The elements required beyond physical presence are intention and permanency of abode. *Stein v. Cty. Bd. of School Trustees* (1968), 40 Ill.2d 477-479; *Pope v. Board of Election Comrs.* (1938), 370 Ill. 196, 200-202; *Bullman v. Cooper* (1936), 362 Ill. 469, 476; *Anderson v. Pifer* (1924), 315 Ill. 164-167; and *Hill v. Hill* (1897), 166 Ill. 54-55.

The Court in *Stein, supra,* 479-480, held that intention is the control-

ling factor in determining whether a residence has been acquired or abandoned, and that intent is gathered primarily from the acts of a person.

In the instant case, testimony given by a social worker for the Department indicates it was never intended that any child placed in the defendant's home would remain there permanently. The home was merely a "temporary care facility" used until permanent placement of a child could be made. It was stressed to the children that they would be moved from the home. Further testimony was given by the regional director of the Department who characterized the foster home operated by the defendant as a "diagnostic center" where the children were placed for a indeterminate period of time up to five months under the custodial agreement.

■■ The testimony clearly indicates that the stay of the boy would be of a temporary nature and the critical element of intention to make the home his permanent abode was lacking. Therefore, it cannot be said that he became a "resident of the household".

Other jurisdictions support the position that to be a "resident of the household" the element of permanency must be established. See, *Great American Insurance Company v. Marshall* (D. So. Car., 1967), 266 F. Supp. 208; *Stadelmann v. Glen Falls Insurance Co. of Glen Falls* (1967), 5 Mich. App. 536, 147 N.W.2d 460; *Goodsell v. State Automobile and Casualty Under.* (Sup. Ct. Iowa, 1967), 153 N.W.2d 458.

The judgment of the trial court was correct and must be affirmed.

Judgment affirmed.

GUILD and SEIDENFELD, JJ., concur.