JESSIE YARBERT, Plaintiff-Appellee, v. INDUSTRIAL FIRE AND CASUALTY INSURANCE COMPANY, Defendant-Appellant.

First District (2nd Division) No. 76-1701

Opinion filed January 10, 1978.

Garbutt, Jacobson & Lee Associated, of Chicago (Jerome J. Jacobson, of counsel), for appellant.

Theodore R. Postel, of Chicago, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

This is an action for a declaratory judgment (Ill. Rev. Stat. 1975, ch. 110, par. 57.1), seeking a construction of a clause in an insurance contract. Defendant appeals from an order of the trial court granting plaintiff's motion for summary judgment (Ill. Rev. Stat. 1975, ch. 110, par. 57). The issue on appeal involves only the definition of the word "relative," as used in the uninsured motorist provisions of an automobile insurance policy.

The plaintiff is the mother of Oliver S. Whiteside, the named insured in an automobile insurance policy issued by defendant. Part IV of the policy provides for protection against uninsured motorists. The relevant portions of the policy provide:

> "Coverage J—Uninsured Motorists (Damages for Bodily Injury). To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury, * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle; * * *.
> Definitions. The definitions under Part I, except the definition of 'insured,' apply to Part IV, and under Part IV:
> 'insured' means:
> (a) the named insured and any relative; * * *."

Under Part I of the policy ("Liability"), "relative" is defined as "a relative of the named insured *who is a resident of the same household.*" (Emphasis added.)

Plaintiff's complaint for a declaratory judgment alleged that she had been struck and injured by an uninsured motorist, and that she had filed a claim for benefits under the above provisions of her son's contract of insurance with defendant, but that defendant had refused to extend benefits to her on grounds that she did not reside at the same address as the named insured. Plaintiff's complaint prayed for, among other relief, a declaration of rights and for a judgment for $25,000 for the "vexatious, unreasonable, and unfair" refusal of defendant to acknowledge coverage. Defendant's answer denied that plaintiff was covered under the policy.

Plaintiff moved for summary judgment, alleging that the only issue to be resolved was the following question of law: "Does the defendant's policy afford uninsured motorist benefits to an injured mother of a named insured when said injured mother resides at an address different from that of the named insured?" The motion also alleged that the policy does not require the named insured and the relative to reside at the same address.

Defendant replied to the motion alleging that its policy of insurance with plaintiff's son provides uninsured motorist coverage to relatives of

the named insured, but only when the relative is a member of the same household as the named insured. Defendant also moved for summary judgment.

The trial court granted the plaintiff's motion for summary judgment, and this appeal followed.

## I.

Defendant maintains that the word "relative," as used in the uninsured motorist provision of the policy is defined under Part I of the policy as including only those relatives who are members of the household of the named insured. Plaintiff contends that the definition of "relative" in Part I has no effect on the unqualified use of that word in Part IV. In effect, plaintiff is contending that under the policy, her son's "relatives," and all of his relatives, wherever found, are covered by the uninsured motorist provisions.

██ The construction urged by the plaintiff is patently unreasonable and would lead to absurd consequences. The construction to be given to insurance contracts, like other contracts, should be a natural and reasonable one. (*Canadian Radium & Uranium Corp. v. Indemnity Insurance Co. of North America* (1952), 411 Ill. 325, 332, 104 N.E.2d 250.) In order not to lead to unreasonable results, or to defeat the intention of the parties to a contract of insurance, the construction thereof must not be strained, arbitrary, irrational, unnatural, or forced, or strictly technical; rather, it must be fair, natural, reasonable, logical, and practical, having reference to the risk and the subject matter and the purposes of the entire contract. Couch on Insurance §15.16 (2d ed. 1959).

██ While our research reveals no Illinois case directly on point, we are of the opinion that under the plain language of the policy, the word "relative" as used in Part IV ("Protection Against Uninsured Motorists"), is limited to relatives of the named insured who are members of the same household. Only the definition of "insured" under the policy and no other definition is redefined specially for Part IV. The definition of the word "relative" must be taken from Part I ("Liability"). Accord, *Insurance Company of North America v. Stevens* (5th Cir. 1970), 425 F.2d 704.

The order of the circuit court of Cook County is reversed.

Reversed.

STAMOS, P. J., and PUSATERI, J., concur.