COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, *v.*
ELEANOR M. MOONEY *et al.*, Defendants-Appellees.

Third District No. 77-487

Opinion filed May 15, 1978.—Rehearing denied June 14, 1978.

Lyle W. Allen and William J. Becker, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

James D. Reynolds, of Peoria (Brian M. Nemenoff, of counsel), for appellee Eleanor M. Mooney.

Kehr, Theobald and Edmonds, of Chillicothe, for appellee Kenneth D. Smith.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Eleanor Mooney was seriously injured in an accident which occurred while she was a passenger in a car owned by Kenneth Smith and driven by Smith's wife Mildred, who is Mrs. Mooney's sister. Mrs. Mooney filed a personal injury action against the Smiths which prompted Smith's insurer, Country Mutual, to file this declaratory judgment suit wherein it is claimed that Mrs. Mooney is excluded from bodily injury coverage under the policy because she is a relative residing in the household of the insured, or in the alternative, because she was an employee injured in the course of her employment. The policy expressly excludes from coverage bodily injury sustained by the insured or his relatives or by any employee while engaged in the course of his employment for the insured. The word "relative" is defined as "a resident of the Named Insured's household who is related to the Named Insured by blood, marriage or adoption * * *."

According to the record, Mrs. Mooney is a widow who earned her living by keeping house and caring for elderly people. She lived with the people she cared for, and received room and board plus a weekly stipend. In August of 1974, she completed one job and moved into the Smith home at their request to "help them out" because both Mr. and Mrs. Smith were in poor health and unable to care for themselves. Mrs. Smith had been hospitalized for four months with back trouble, and Mr. Smith had suffered several heart attacks and had undergone heart surgery.

Mrs. Mooney prepared meals and did the housework, in return for which she received her room and board. She ate her meals with the Smiths, went out shopping and to restaurants with them, watched TV with them, stored her belongings in the attic and basement, had the use of the entire house, used their post-office box as her mailing address, and was registered to vote at the Smith address.

Mrs. Mooney testified that she went to the Smith home temporarily until she found other employment and to help her sister. She had stayed with the Smiths on previous occasions, sometimes for one night and once for almost two years. Both Mr. and Mrs. Smith stated that Mrs. Mooney came to stay with them on a temporary basis, not a permanent one. Shortly before the accident, Mrs. Mooney had begun to arrange for a new position and was planning to move out within a short time.

On the evening of June 20, 1975, Mrs. Mooney accompanied the Smiths to a restaurant for dinner and on the trip home the accident occurred.

Mrs. Mooney suffered multiple leg fractures and was unable to walk for a time, so she returned to the Smith home after her release from the hospital. It appears that Mr. and Mrs. Smith later came to a parting of the ways, and Mrs. Smith and Mrs. Mooney moved out. (The Smiths were subsequently divorced. At the time of trial, Mrs. Smith had remarried, and Mrs. Mooney continued to reside with her.)

The trial court ruled in favor of defendants, finding that Mrs. Mooney was neither a resident of the Smith home nor an employee of Mr. Smith at the time of the accident, but rather that she was the Smith's temporary guest and as such was not excluded from coverage. Plaintiff appeals, contending that the evidence compels a finding that Mrs. Mooney was a resident in the Smith household or that she was an employee. We find neither argument to be persuasive.

The trial court's ruling that the "relative in the household" exclusion did not apply was predicated upon the finding of fact that Mrs. Mooney was not a resident of the Smith household. If the factual determination was not contrary to the manifest weight of the evidence, then the court's construction of the insurance contract was quite obviously correct.

The term "resident of the household" was considered in *Country Mutual Insurance Co. v. Watson* (2d Dist. 1971), 1 Ill. App. 3d 667, 274 N.E.2d 136, where a child was injured while helping feed cattle on the farm where he had been placed by the Department of Children and Family Services. Watson maintained a licensed foster home and accepted children for temporary care up to five months. The trial court found that the injured boy was not a resident of defendant's household within the meaning of an exclusionary clause similar to the one in the case at bar. After noting that the word "residence" has no precise meaning in the law, but varies with context and subject matter, the court decided that the word means more than mere physical presence: intention and permanency of abode are also required. The court held that, in the case of the foster child, "the critical element of intention to make the home his permanent abode was lacking," and therefore he did not become a resident of the household. 1 Ill. App. 3d 667, 670, 274 N.E.2d 136, 138.

In *MFA Mutual Insurance Co. v. Harden* (2d Dist. 1975), 26 Ill. App. 3d 360, 325 N.E.2d 102, the court again was confronted with an insurance clause that excluded the residents of the insured's household. The court followed *Watson* and found that the insured and his wife were not residents of the household of the wife's father where the wife and husband were staying with her parents until her husband found work and they located a suitable apartment.

■■ ■ From these cases we conclude that the key question here is whether the parties intended that Mrs. Mooney make her abode with the Smiths permanently. There is little, if any, evidence in the record herein

which supports the proposition that Mrs. Mooney intended to make the Smith's residence her permanent abode within the meaning of the exclusionary clause of the policy herein. All three persons involved stated that Mrs. Mooney's stay was to be temporary. There is undisputed evidence that Mrs. Mooney came to help the Smiths in their time of need and that because she required additional income for her own support, she expected to move on in due time. Furthermore, according to an affidavit filed by Mr. Smith, he had asked Mrs. Mooney to leave both before and after the accident. While plaintiff points to facts from which an inference could be drawn in favor of the permanency of Mrs. Mooney's abode, we cannot substitute our judgment for that of the trial court. We must affirm unless the determination by the trier of fact was palpably erroneous. We believe the evidence amply supports a finding that Mrs. Mooney was a temporary guest in the Smith home and not a permanent resident.

We have no quarrel with plaintiff's assertion that Illinois courts do give effect to household exclusionary clauses where the facts warrant an exclusion. (*E.g., Miller v. Madison County Mutual Automobile Insurance Co.* (5th Dist. 1964), 46 Ill. App. 2d 413, 197 N.E.2d 153, where the wife of the named insured, residing in his household, was held excluded from coverage.) We also are inclined to agree with plaintiff that the clause in this policy is clear and concise, not ambiguous (see *State Farm Mutual Automobile Insurance Co. v. Hanson* (4th Dist. 1972), 7 Ill. App. 3d 678, 288 N.E.2d 523), and that insurance contracts should be given a natural and reasonable construction (*Yarbert v. Industrial Fire & Casualty Insurance Co.* (1st Dist. 1978), 56 Ill. App. 3d 1034, 372 N.E.2d 886). But recognition of these principles does not change the outcome of the case before us which, after all, turns upon a determination that Mrs. Mooney's situation did not come within the household exclusion.

■■ Plaintiff also argues that Mrs. Mooney is excluded from coverage under the policy provision which excludes "bodily injury sustained by any employee of the Insured while engaged in the course of his employment for the Insured." It is, of course, possible to view the facts as supporting plaintiff's theory that Mrs. Mooney was employed to perform services for the Smiths in return for receiving her room and board. However, we cannot say that the court's finding of no employment relationship was against the manifest weight of the evidence.

The judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

BARRY, P. J., and STOUDER, J., concur.