This is an appeal by plaintiff Davis from a summary judgment entered in favor of Hartford Insurance Company of Illinois, Inc. (Hartford), defendant in Davis's action, which claimed, among other things, that he was covered as a "relative" as that term is used in the uninsured motorists coverage of Hartford's policy of insurance issued to Davis's father. We affirm.
Plaintiff, Mack Davis III, is the son of Mack Davis, Jr., and Shelia Davis. They were married in Bessemer in January 1972, and thereafter they moved to Beloit, Wisconsin, and then to Rockford, Illinois. They had two children, Tomika and Mack III. In 1978, Mack, Jr., and Shelia separated. Mack, Jr., remained in Rockford, Illinois. Shelia Davis returned to Bessemer with the two children, and she has resided in Bessemer since that time. From January 1978 until the date of the accident referred to below, October 10, 1980, Mrs. Davis never visited her estranged husband, nor did either of her children visit him. On the other hand, Mr. Davis came to visit Mrs. Davis "every year just about," sometimes staying with his mother in Greene County and sometimes staying with Mrs. Davis and the children. During August 1981, about ten months after the accident in question, Mack III visited his father in Illinois for the first time since his parents' separation.
After their separation and her return to Alabama, Mrs. Davis filed for a divorce but it was never finalized.
On October 10, 1980, Mack III, after exiting a bus operated by the Jefferson County Committee for Equal Opportunity, was injured when struck by an automobile in Bessemer. Apparently, the driver of the automobile was uninsured. By and through his mother, he sued the driver of the car and the Committee for Equal Opportunity. Later, the complaint was amended to add Hartford. The amendment was based upon an automobile insurance policy issued in Illinois by Hartford to plaintiff's father residing in Illinois, providing uninsured motorists coverage. The amendment alleged:
 "At the time of the accident the minor plaintiff was physically residing in the home of his mother . . . who resided at 1215 North First Avenue, Bessemer, Alabama. The father of the minor plaintiff . . . resided at 924 Cunningham, Rockford, Illinois. At the time of said accident the parents of said child were separated. No divorce action was pending and no order of custody relating to the minor child was in existence.
 "WHEREFORE, plaintiff prays that upon a hearing of this cause that the Court will determine the respective rights of the parties in regard to the insurance policy and upon such hearing determine that the plaintiff is in fact entitled to the benefits of said policy. . . ."
Defendant Hartford's motion to dismiss was overruled. Later, Hartford's motion for summary judgment, based upon the pleadings and the deposition of Shelia Davis, supported by briefs for and against the motion, was considered by the trial court, which thereafter granted summary judgment for Hartford, stating:
 "After considering the motion, the court is of the opinion the plaintiff, Mack Davis, III, a minor was not a resident of same household of Mack Davis, Jr., at the time of the accident and therefore was not entitled to benefits of Policy # 85DF302540 issued by Hartford Insurance Company of Illinois, Inc., insuring Mack Davis, Jr., and relatives of the insured and relatives who are residents of the same household. . . ."
Plaintiff appeals from that judgment.
The uninsured motorists coverage provision is found in Section III of the policy. Under subsection 2 thereof are found the definitions applicable to Section III:
 "The definitions under Section I, except the definition of `insured,' apply to Section III, and under Section III:
"`insured' means:
"(a) the named insured and any relative;" *Page 304 
Section I, referred to in the above subsection, defines "relative":
 "`relative' means a relative of the named "insured who is a resident of the same household;"
The first question to be resolved is: which law governs, Illinois law or Alabama law? It is our conclusion that Illinois law applies. The insurance contract was made within the State of Illinois between an Illinois company and an Illinois resident. American Interstate Ins. Co. of Georgia v. Holliday,376 So.2d 701 (Ala. 1979) (Georgia law applied to insurance policy issued by Georgia insurance company to Georgia citizen);State Farm Mutual Automobile Ins. Co. v. Bradley, 293 Ala. 695,309 So.2d 826 (1975) (South Carolina law applied to insurance policy issued in South Carolina on automobiles principally garaged in South Carolina). See generally 44 C.J.S. Insurance § 52 (1945) at 504-08.
In Yarbert v. Industrial Fire and Casualty Ins. Co.,56 Ill. App.3d 1034, 14 Ill.Dec. 607, 372 N.E.2d 886 (1978), the court reviewed the effect of an automobile policy containing the exact language as that before us. In that case, the plaintiff was the mother of the insured. She brought a declaratory judgment action against her son's insurance company, alleging that she had been struck and injured by an uninsured motorist, that the company had issued her son an automobile policy containing uninsured motorists coverage (containing the above definitions), but that the company had denied her benefits on the ground that she did not reside at the same address as the named insured.
In holding that "the word `relative' as used in Part IV (`Protection Against Uninsured Motorists'), is limited to relatives of the named insured who are members of the same household," the Illinois Court reiterated the established rule that "[t]he construction to be given to insurance contracts, like other contracts, should be a natural and reasonable one . . . having reference to the risk and the subject matter and the purposes of the entire contract." The court observed that the effect of plaintiff's contention was that under the policy all of her son's relatives wherever found would be covered, a position the court found untenable.
It is noteworthy that the Yarbert case cited InsuranceCompany of North America v. Stevens, 425 F.2d 704 (5th Cir. 1970). In that case, a nephew of the insured was injured by an uninsured automobile. In upholding the denial of coverage, the court interpreted "the named insured and any relative" as defined by the terms of the policy, which read:
 "The definitions under Bodily Injury and Property Damage Liability Coverage, except the definition of `Insured' apply to Uninsured Motorists Coverage, and under Uninsured Motorists Coverage:
"`insured' means:
"(a) the named insured and any relative;"
The court found that bodily injury and property damage liability coverage in the policy defined "relative" to mean:
 "a relative of the named insured who is a resident of the same household;"
Contrary to plaintiff's contention, these definitions in the policy are clear and unambiguous, and have been so treated by the Illinois courts. For example, a number of Illinois decisions have taken the literal language of household exclusionary clauses in liability insurance policy provisions applicable to a "relative," defined as a "resident of the named insured's household who is related to the named insured by blood, marriage or adoption," to grant coverage to relatives who were not "residents" but only temporary guests, e.g.,Country Mutual Ins. Co. v. Mooney, 59 Ill. App.3d 946, 17 Ill.Dec. 440, 376 N.E.2d 439 (1978) (sister of insured's wife not resident of insured's home but temporary guest only);Country Mutual Ins. Co. v. Watson, 1 Ill. App.3d 667,274 N.E.2d 136 (1971) (child in foster home for temporary care not resident of household due to absence of intention to make temporary facility permanent abode). See also, State FarmMutual Automobile *Page 305 Ins. Co. v. Differding, 46 Ill. App.3d 15, 4 Ill.Dec. 586,360 N.E.2d 522 (1977) (daughter who leased apartment at graduate school but maintained permanent residence with parents was resident-relative of parents' household under definition of "resident" which provided that "unmarried and unemancipated children, while away from his household attending school, are deemed to be residents of his household"). A perusal of the Illinois cases discloses no inconsistency in the interpretations of the household exclusionary provisions regardless of the types of policies involved. We perceive nothing in the Illinois cases dealing with the application of the "clear and unambiguous" principle which would allow us to depart from that rule in an uninsured motorists coverage case.
Was Mack Davis III a resident of his father's household? Under the Illinois decisions, it is clear that he was not.
In Country Mutual Ins. Co. v. Watson, supra, the Illinois court construed the policy phrase "residents of his [the insured's] household." That court reasoned, at 274 N.E.2d at 138:
 "There has been no Illinois decision cited, nor has our research revealed a case, which has interpreted the phrase `resident of his household'; however, numerous Illinois cases have construed the term `resident' in a context other than as applied to insurance policies. These cases support the statement found in Routt v. Barrett, 396 Ill. 322, 344, 71 N.E.2d 660, 671 (1947), that, `The word "resident" is in common usage and is generally understood to mean one having more than mere physical presence.'
[Emphasis added.] The elements required beyond physical presence are intention and permanency of abode." (Citations omitted.)
This decision and others cited by it, we respectfully submit, clearly express the Illinois position on the term "resident of the same household." See also the common legal definitions in Black's Law Dictionary (5th ed.) of resident[1] and household[2].
In the Mooney and Watson cases, supra, the Illinois court determined that the status of "resident" required the simultaneous existence of three elements: physical presence, intention to make the abode a permanent one, and the permanency of the abode.
Applying those elements to this case, it is undisputed that Mrs. Davis left her husband's home in Rockford, Illinois, and established a home in Bessemer, Alabama, for herself and her children. She and her children lived in the Bessemer home without interruption from the time she returned to Bessemer in 1978 until October 1980. Mack Davis III was never physically in Rockford, Illinois, until August 1981, and then only for a visit of a few days. All of his possessions, in fact, are in Bessemer. Accordingly, neither physical presence at his father's household in Illinois nor any intent to make his father's household his permanent abode, is shown under the evidence. Moreover, from that evidence, it is clear that Mack III is a resident of his mother's home in Bessemer, not his father's home in Rockford, Illinois.
Mrs. Davis and Mack III reside in the home Mrs. Davis provides for them in Bessemer. Mrs. Davis refers to Bessemer as her home. At the time of the accident, Mack III was a student in the Bessemer *Page 306 
"Head Start" program, and later enrolled in a Bessemer school. Mack III visited Rockford, Illinois, briefly after the accident. These facts demonstrate that his permanent residence is in Bessemer, not Rockford. Thus, under Illinois law, he is not a member of his father's household, and, therefore, was not "a relative living in his father's household" at the time of this accident.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.
[1] "Resident. Any person who occupies a dwelling within the State, has a present intent to remain within the State for a period of time, and manifests the genuineness of that intent by establishing an ongoing physical presence within the State together with indicia that his presence within the State is something other than merely transitory in nature."
[2] "Household, n. A family living together. Schurler v.Industrial Commission, 86 Utah 284, 43 P.2d 696, 699. Those who dwell under the same roof and compose a family. A man's family living together constitutes his household, though he may have gone to another state. Term `household' is generally synonymous with `family' for insurance purposes, and includes those who dwell together as a family under the same roof. Van Overbeke v.State Farm Mut. Auto. Ins. Co., 303 Minn. 387, 227 N.W.2d 807,810. Generally, the term `household' as used in automobile policies is synonymous with `home' and `family.' Bartholet v.Berkness, 291 Minn. 123, 189 N.W.2d 410, 412."