STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, v. MARK TAUSSIG, Defendant-Appellant (Max A. Waisvisc *et al.*, Defendants).

First District (6th Division)   No. 1—91—2122

Opinion filed March 27, 1992.

Barry B. Gross, Clifford E. Yuknis, and Cary E. Donham, all of Shefsky & Froelich, Ltd., of Chicago, for appellant.

Frank C. Stevens and Hugh J. Doyle, both of Taylor, Miller, Strowl, Hoffnagle & Merletti, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, State Farm Mutual Automobile Insurance Company, sought a declaratory judgment that it owed no duty to defend or indemnify defendant, Mark Taussig, against certain claims arising out of an automobile accident. Defendant claimed coverage pursuant to a policy issued by plaintiff to defendant's father, Stuart Taussig. The trial court granted plaintiff's motion for summary judgment. Defendant appeals, contending that the trial court erred in its construction of the insurance policy and that the existence of genuine issues of material fact precludes the grant of summary judgment in plaintiff's favor.

We adduce the following background from the affidavits, pleadings and documents filed. Defendant, age 20, attended classes at Kendall College until December 16, 1987. On December 25, 1987, defendant moved from his parents' home in Highland Park into a two-bedroom apartment in Evanston with two roommates. Defendant's father signed the lease on his behalf and paid his portion of the rent and utility bills. Defendant slept in his own bedroom and ate most of his meals at the Evanston apartment. Defendant was not married. Defendant returned to Highland Park approximately three or four times to visit during the first month after moving to Evanston.

The automobile accident occurred on January 31, 1988, while defendant and two friends were on a ski trip in Wisconsin. Defendant's roommate, Daniel R. Lyons, rented a 1987 Chevrolet Nova from Warrenco, Inc., doing business as Budget Rent-A-Car of Wilmette, because defendant was too young to do so. At the time the vehicle was rented, the agent refused to add defendant's name as an additional driver because of his age and informed him that he could not drive the car. Lyons did not accompany the group on the ski trip and granted permission to defendant to drive the rental automobile. After the rental car was destroyed in the accident, Warrenco filed suit against defendant and Lyons. (Lyons has since filed a counterclaim for contribution against defendant.)

At the time of the accident, defendant was employed full time as a runner for a trading company located in the Chicago Mercantile Exchange. Defendant testified that at the time of the accident, he was not enrolled in any type of school; rather, it was his intention to "go out and make it on [his] own." His father wished him to return to school. Defendant was covered under his father's health insurance policy and listed the Highland Park address on his driver's license and income tax return. Defendant left a number of personal belongings in

his room at the Highland Park house, including clothing, stereo equipment and furniture. According to defendant, he considered the Evanston apartment as a temporary living situation and that his permanent address was in Highland Park.

After the accident, defendant was in a hospital briefly. Defendant lived in the Evanston apartment until October 1988, at which time he entered a rehabilitation program for a 30-day period. After that time, defendant lived in a three-quarter way house for approximately eight months, and then returned to his parents' Highland Park home.

Plaintiff issued a policy of automobile liability insurance to defendant's father, which provides coverage for the named insured, his spouse, and their relatives. The policy defines "relative" as:

> "[A] person related to you or your spouse by blood, marriage or adoption who *lives with you*. It includes your unmarried and unemancipated child away at school." (Emphasis added.)

On appeal, defendant contends that the policy definition of "relative" is ambiguous. Defendant maintains that the trial court erred in granting summary judgment because genuine issues of material fact exist as to whether defendant was "living with" his parents in Highland Park at the time of the accident. Alternatively, defendant argues that the record demonstrates that defendant was an unmarried and unemancipated child away at school.

Initially, we note that the purpose of summary judgment is to determine whether there are any genuine issues of material fact. (*Kelman v. University of Chicago* (1988), 166 Ill. App. 3d 137, 519 N.E.2d 708.) An order granting summary judgment is appropriate where the pleadings and depositions on file, together with the affidavits, if any, demonstrate there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c).

■ We turn first to the issue of whether the policy definition of "relative" is ambiguous. In *Coley v. State Farm Mutual Automobile Insurance Co.* (1989), 178 Ill. App. 3d 1077, 534 N.E.2d 220, this court construed the identical definition of "relative" as found in the present policy. In that case, the grandfather of the decedent brought a suit for declaratory judgment against his own insurer to determine whether an underinsured motorist provision of the policy covered the decedent. The decedent had lived with his grandfather for two years before joining the Air Force. At the time of the accident, the decedent was still in the Air Force and had been stationed at several locations throughout the United States and overseas. The decedent kept some of his belongings at his grandfather's house and had continued

to use it as his address on official documents and to receive mail. The decedent also intended to return to his grandfather's home upon his discharge. This court determined that the decedent was a young, emancipated man serving in the armed forces, where he could have only an occasional, transitory presence in his grandfather's home; thus, he did not "live with" his grandfather for the purposes of the insurance policy.

Defendant cites cases from other jurisdictions as support for his position that the policy definition of "relative" is ambiguous. However, this court in *Coley v. State Farm* found "no ambiguity which would require us to construe the contract against [State Farm] or go behind the contract to consider its underlying purpose." (*Coley v. State Farm*, 178 Ill. App. 3d at 1082, 534 N.E.2d at 222.) Similarly, this court also found no ambiguity in the provision at issue in *State Farm Mutual Automobile Insurance Co. v. Byrne* (1987), 156 Ill. App. 3d 1098, 510 N.E.2d 131. We therefore conclude that no ambiguity exists in the policy definition of "relative."

■ Defendant next asserts that he regarded the Evanston apartment as only a temporary living situation and that his permanent address was in Highland Park. Specifically, defendant states that he still had a room at the Highland Park home where he kept his personal belongings; that he visited at least once a week; that some of his bills were sent to the Highland Park address; that he was still on his father's health insurance policy; and that his income tax return, driver's license and voter's registration listed the Highland Park address. Defendant's father also stated in his deposition that he believed his son could not make it on his own without his financial, emotional and psychological assistance, and that he contributed to his son's living expenses.

We are unpersuaded by defendant's argument that simply because he still had a room in his parents' home and left some of his personal belongings there and continued to use the mailing address, he was still living with them. The record indicates that on December 25, 1987, defendant moved out of his parents' home and into his own apartment. Defendant's father signed the lease on his behalf. Most importantly, defendant testified that in the month preceding the January 31, 1988, accident, he slept and ate most of his meals at the Evanston apartment, where he remained until October 1988. Also, as previously mentioned in *Coley v. State Farm*, the fact that defendant continued to use the mailing address and occasionally visited his parents is not sufficient to meet the "living with" standard for purposes of this insurance policy.

■ Defendant's alternate argument posits that he should be included under the policy as an unmarried, unemancipated child "away at school." The term "full-time student" envisions a person's enrollment in an academic institution and attendance at classes on a substantial basis. *Margie Bridals, Inc. v. Mutual Benefit Life Insurance Co.* (1978), 62 Ill. App. 3d 542, 379 N.E.2d 62.

We find defendant's argument that he was "away at school" to be without merit because defendant voluntarily terminated his education at Kendall College on December 16, 1987, well before the January 31, 1988, accident. Defendant did not enroll in the winter term, which began on January 6, 1988, nor was he enrolled in classes at any other school. Indeed, defendant submitted an affidavit which stated that as of January 31, 1988, he was not sure if he would return to classes at Kendall College. The fact that defendant's father wished him to return to school is of no significance. Finally, we note in defendant's affidavit that it was his intention to "go out and make it on his own." Toward that goal, defendant obtained full-time employment thereby negating his position that he was "away at school."

For the foregoing reasons, the judgment of the circuit court of Cook County granting summary judgment on behalf of plaintiff is affirmed.

Judgment affirmed.

EGAN, P.J., and LaPORTA, J., concur.