TARA CORIASCO, a Minor, by Susan Coriasco, Her Mother and Next Friend, *et al.*, Plaintiff-Appellant, v. BRANDI HUTCHCRAFT *et al.*, Defendants (Country Mutual Insurance Company, Defendant-Appellee).

Fifth District  No. 5—92—0219

Opinion filed June 11, 1993.

Robert H. Howerton, of Harris, Lambert, Howerton, Dorris & Eckiss, of Marion, for appellant.

Robert W. Lewis, of Benton, for appellee.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Tara Coriasco was injured in an automobile accident while a passenger in a vehicle operated by Brandi Hutchcraft. Tara filed a declaratory judgment action against Country Mutual Insurance Company (Country Mutual). This appeal concerns only the claim against Country Mutual Insurance Company; the claims against the remaining defendants will not be discussed.

Both plaintiff and Country Mutual filed motions for summary judgment. Plaintiff sought a declaration that the Country Mutual policy of insurance issued to her father, Michael Coriasco, and her stepmother, Teresa Coriasco, provided underinsured motorist coverage to her. The policy provides coverage for a "relative" of the named insureds, Michael and Teresa Coriasco. The policy defines a "relative" as "a person related to you by blood, marriage, or adoption who is a resident of the same household as you, including a ward or foster child." The trial court found that Tara Coriasco was not a resident of her father's household. Based on this finding, the court granted Country Mutual's motion for summary judgment and denied plaintiff's motion for summary judgment. We reverse.

Two issues are raised: (1) whether the phrase "resident of the household" as used in the insurance policy is ambiguous; and (2) whether Tara Coriasco was a resident of her father's household for purposes of coverage.

█ Cases have stated that the phrase "resident of the household" has no precise meaning in law and must be construed liberally in favor of the insured. (*Cincinnati Insurance Co. v. Argubright* (1986), 151 Ill. App. 3d 324, 502 N.E.2d 868; *Hawkeye Security Insurance Co. v. Sanchez* (1984), 122 Ill. App. 3d 183, 460 N.E.2d 873; *Country Mutual Insurance Co. v. Mooney* (1978), 59 Ill. App. 3d 946, 376 N.E.2d 439; *M F A Mutual Insurance Co. v. Harden* (1975), 26 Ill. App. 3d 360, 325 N.E.2d 102; *Country Mutual Insurance Co. v. Watson* (1971), 1 Ill. App. 3d 667, 274 N.E.2d 136.) The word "resident" is not without any meaning, however. "Resident" is generally understood to include intent and permanency of abode in addition to mere physical presence. (*Cincinnati Insurance*, 151 Ill. App. 3d 324, 502

N.E.2d 868; *Hawkeye Security Insurance*, 122 Ill. App. 3d 183, 460 N.E.2d 873; *Country Mutual Insurance Co. v. Watson*, 59 Ill. App. 3d 946, 376 N.E.2d 439.) A person can have only one domicile, or permanent abode, at a time; however, she may have several residences. (*Bastian v. Personnel Board* (1982), 108 Ill. App. 3d 672, 675, 439 N.E.2d 142, 144-45, *vacated on other grounds sub nom. Fagiano v. Police Board* (1983), 98 Ill. 2d 277, 456 N.E.2d 27.) Country Mutual argues that simply because a court must examine the facts in each case to determine whether a plaintiff is a resident of the household does not mean that the term is ambiguous. We agree.

If the terms of an insurance policy are clear and unambiguous, the language used will be given its plain meaning. (*Murphy v. State Farm Mutual Automobile Insurance Co.* (1992), 234 Ill. App. 3d 222, 225, 599 N.E.2d 446, 448.) However, in interpreting insurance policies, as with other contracts, policy provisions are deemed ambiguous if they are subject to more than one reasonable interpretation. (*United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.* (1991), 144 Ill. 2d 64, 578 N.E.2d 926; *Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill. App. 3d 906, 492 N.E.2d 504.) There is no fixed or exact meaning to the phrase "resident of the household"; however, the phrase is not ambiguous. The reasonable interpretation of the phrase merely requires an analysis of intent, physical presence, and permanency of abode in each case. See *Cincinnati Insurance Co. v. Argubright* (1986), 151 Ill. App. 3d 324, 502 N.E.2d 868.

We now turn to the question of whether Tara Coriasco was a resident of her father's household for purposes of coverage.

Country Mutual argues that it is clear that Tara considers the days she spends at her father's home to be "visits" and nothing more. Country Mutual contends that, while Tara is a relative of Michael Coriasco and visits regularly in his home, his home is not her permanent place of abode, and it is not her intention to stay there permanently when she visits him. Country Mutual argues that based on the facts Tara Coriasco is not a "resident of the household."

An examination of the record on the questions of physical presence, intent, and permanency of abode reveals the following. Tara Coriasco is the child of divorced parents. Under the terms of the judgment dissolving their marriage, Tara's custody was awarded to her mother. Since the divorce in 1984, Tara has resided with her mother except for visitation with her father, which occurs principally on weekends and occasionally during the week. Tara keeps clothing and personal items such as a hair brush and toothbrush at her father's

home for her use during her overnight stays. She also occasionally receives mail at her father's home.

There is no question that Tara is physically present in her father's home during her regularly scheduled visits with him. Tara's more-than-momentary physical presence in her father's home is manifested by the clothing and personal effects which she keeps there and which she uses during her regularly scheduled visits with her father. When Tara is living with her father on weekends and occasionally during the week, she is subject to his care and custody. Obviously Tara intends to reside with her father during her visits with him. While Tara refers to her time with her father as "visits," a visit to a location does not prevent that location from being a residence. President Bush resided at the White House and visited Kennebunkport, Maine, and Houston, Texas, but Kennebunkport and Houston could also be his residences.

The permanency-of-abode criterion is not particularly significant in the case of a minor child. It is unlikely that Tara will permanently reside with either her mother or her father. We note that her father's home has an element of permanency (at least during her minority) in that Tara returns there each week to take up court-ordered residence.

■ In conclusion, the trial court erred in determining as a matter of law that Tara was not a "resident of her father's household" within the meaning of the insurance policy. Based on the foregoing, we reverse the decision of the trial court granting summary judgment in favor of Country Mutual. In addition, we reverse the decision of the trial court denying Tara Coriasco's motion for summary judgment. We hold that a minor child of divorced parents, under the facts as presented, who has regular visitation with a noncustodial parent is a resident of both households for purposes of the underinsured motorist provision at bar. Pursuant to our authority to enter any judgment that ought to have been made in the trial court (134 Ill. 2d R. 366(a)(5)), we hereby grant summary judgment in favor of the plaintiff. This cause is remanded for further proceedings consistent with this opinion.

Reversed; judgment entered; and remanded.

MAAG and WELCH, JJ., concur.