STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant, v. ANTHONY REINHARDT et al., Defendants-Appellees.

Fifth District   No. 5—92—0695

Opinion filed December 7, 1993.—Rehearing denied January 12, 1994.

Rosemary D. McGuire and Michael B. Constance, both of Brennan, Cates & Constance, of Belleville, for appellant.

Robert J. Sprague, of Sprague & Sprague, of Belleville, for appellee Anthony Reinhardt.

JUSTICE CHAPMAN delivered the opinion of the court:

Anthony and Donna Reinhardt were married on May 20, 1989, and separated in July of 1990, when they each left the marital home and moved in with their respective parents. Anthony sustained personal injuries in an automobile accident on October 20, 1990. He made a claim for damages on Donna's underinsured motorist policy. Donna had purchased the policy from State Farm Mutual Automobile Insurance Company (State Farm) during the marriage and was the named insured on the policy.

State Farm petitioned for declaratory relief that Donna's policy did not provide underinsured coverage to Anthony because he was not a spouse as defined under the policy. The circuit court found that, although Donna and Anthony were separated, the evidence demonstrated that they intended to maintain the marital relationship. The court also found that the policy language defining spouse as a "husband or wife while living with you" was ambiguous. The court declared that the policy provided coverage to Anthony for the accident. We affirm.

The State Farm policy provides coverage to the following persons:
"Insured — means the person or persons covered by uninsured motor vehicle or underinsured motor vehicle coverage.

With respect to bodily injury, this is:
1. The first person named in the declarations;
2. His or her spouse;
3. Their relatives; and
4. Any other person while occupying:

(a) Your car, a temporary substitute car, a newly acquired car or a trailer attached to such car. Such vehicle has to be used within the scope of the consent of you or your spouse; or

(b) A car not owned by you, your spouse or any relative, or a trailer attached to such car. It has to be driven by the first person named in the declarations or that person's spouse and within the scope of the owner's consent."

The policy also contains a definition section which defines spouse as "your husband or wife while living with you."

■ Where the words of an insurance policy are clear and unambiguous, the court should give effect to the plain and obvious meaning of those words. (*Allstate Insurance Co. v. Stewart* (1987), 158 Ill. App. 3d 129, 131, 511 N.E.2d 188, 189.) However, in interpreting insurance policies, as with other contracts, policy provisions are deemed ambiguous if they are subject to more than one reasonable interpretation. (*Coriasco v. Hutchcraft* (1993), 245 Ill. App. 3d 969, 971, 615 N.E.2d 64.) Where an ambiguity exists the policy is to be construed liberally to effectuate coverage. *Dinges v. Lawyers Title Insurance Corp.* (1982), 106 Ill. App. 3d 188, 190, 435 N.E.2d 944, 947.

State Farm relies on two recent cases, *Coley v. State Farm Mutual Automobile Insurance Co.* (1989), 178 Ill. App. 3d 1077, 534 N.E.2d 220, and *State Farm Mutual Automobile Insurance Co. v. Taussig* (1992), 227 Ill. App. 3d 913, 592 N.E.2d 332, which held that the term "live with" is not ambiguous. In each of those cases the

court found that no ambiguity existed in the policy definition of "relative" defined as a person related to you or your spouse by blood, marriage, or adoption who lives with you. While it is true that *Coley* and *Taussig* found the term "live with" unambiguous, those cases are distinguishable from the case at bar.

In *Coley* the plaintiffs were attempting to have the decedent, their grandson, declared an insured under their policy. The decedent had left his father's home and moved in with his grandfather two years prior to graduating from high school. From that time the grandfather provided him with food, clothing, and a room. After high school graduation, decedent enlisted in the Air Force for a four-year period and was stationed at several locations throughout the United States and overseas. The evidence further showed that the decedent kept some of his belongings at his grandfather's house and continued to use it as his address for receiving mail. The *Coley* court concluded that because decedent was a young emancipated man serving in the armed forces, where he could have only an occasional, transitory presence in his grandfather's house, he did not "live with" his grandfather for the purpose of the insurance policy.

In *Taussig* the court held that the insured's son, the defendant, was not "living with" the insured so as to bring him within the policy. The defendant had moved from his parent's home into an apartment. Defendant's father signed the lease on his behalf. In the month preceding defendant's January 1988 accident, defendant slept and ate most of his meals at his apartment, where he remained until October 1988. The court held that defendant's argument that he was away at school and intended on returning home to be without merit. Defendant voluntarily terminated his education well before the accident. He testified that it was his intention to "go out and make it on his own," thereby negating his position that he was away at school. The court further held that while defendant continued to use his parent's mailing address and occassionally visited his parents, he was not "living with" them for purposes of the insurance policy.

Unlike the case at bar, the claimants in *Coley* and *Taussig* did not intend to return to their insureds' homes. The decedent in *Coley* was emancipated, was a member of the armed forces, and had a mere transitory presence at his grandfather's home. The defendant in *Taussig* was not attending school but was employed full time, lived away from home, and intended to "make it on his own." In the case at bar State Farm's focus is on the fact that the parties were not living together and were experiencing marital difficulties. Carried to its logical extreme, to deny coverage on those facts would preclude coverage

where, for instance, a young mother, recently released from the hospital with her newborn, leaves her spouse's home to reside with her mother for two weeks for the purpose of recuperating. The point is, the fact that the parties in this case were not physically living together at the time of the accident is of no matter in determining coverage given the facts of this case. While Anthony and Donna were not physically living together, they were married and continued to visit and have intimate relations together, and each testified that they were attempting reconciliation.

In *Murphy v. State Farm Mutual Automobile Insurance Co.* (1992), 234 Ill. App. 3d 222, 599 N.E.2d 446, the decedent's father brought a suit for declaratory judgment against his own insurer to determine whether the underinsured motorist provision of the policy covered the decedent. At issue was whether the decedent was a "relative" of the insured as that term was defined in the insured's insurance policies. Relative was defined as "a person related to you or your spouse by blood, marriage or adoption who lives with you." The court found that the phrase "live with" was ambiguous under the factual circumstances presented. The court explained that ambiguity is not limited to grammatical imprecision of a policy, because the particular factual setting of the insurance policy provides a framework for determining if the policy as executed is consistent with the parties' intent. In addition, the court determined that although coverage under a policy is determined at the time of an accident, the policies did not state this when they used the phrase "live with," and a lay person should not have to resort to research in the case law to ascertain the coverage.

In the instant case, an examination of the record reveals that Anthony was living with his wife, Donna, at the time the policy was issued. After the couple separated but prior to the accident, they saw each other approximately two or three times a week so that Anthony could visit with his daughter Sarah. Perhaps three or four times after their separation, Anthony and Donna saw each other socially without their daughter and on a few occasions had intimate relations together. Both Anthony and Donna testified that after the separation, but prior to the accident, they believed that reconciliation was possible and were attempting to do just that even though they had made no specific plans toward that end.

The term "live with" found in the definition of spouse as used in the State Farm policy is ambiguous. As in *Murphy*, the definition of spouse failed to state when the claimant, in this case Anthony, had to be living with the insured, at the time the policy was issued or when

the accident occurred. Donna and Anthony were separated at the time of the accident but had intimate relations during their separation and were working toward reconciliation. We find the phrase "live with" in the policy at bar was ambiguous under the factual circumstances presented here. We cannot find that the circuit court erred in construing the policy provision in favor of the insured. The decision of the circuit court of St. Clair County is affirmed.

Affirmed.

WELCH and MAAG, JJ., concur.