By the Court.

The last statute was plainly intended as an en* *55 largement of the rights of defendants, by making their remedy, in suits upon simple contracts, coextensive * with [ * 68 ] the plaintiffs’ actions; and thus preventing the necessity of cross-actions. It is a very useful provision, and therefore claims a liberal construction.
The plaintiff objects that the defendant’s demand is not within the statute, because it is neither for goods delivered, moneys paid, or services done. But we must not be too nice in the construction of a remedial statute like this. Where money is in the hands of one party, which belongs to another, it is no great straining of language to call it money paid (7). It would not be insisted, if a demand for goods delivered were filed by the defendant, that the goods should actually have been delivered by him, and received by the plaintiff, on account of the same cause of action. So money in the hands of the plaintiff, and due to the defendant, need not have been paid by the latter in satisfaction of the sum demanded in the action. Independent accounts may be set off, and the balance makes the debt. There can be no inconvenience in this, as the plaintiff is by the statute entitled to notice; and if the defendant’s demand is not sufficiently explicit, the Court can require of him an explanation, in the nature of a bill of particulars. We are all of opinion that the set-off claimed in the case at bar is within the statute.
New trial granted.

 [This is so palpably wrong that no comment is necessary.—Ed.]