## Case No. 4,307.

### EGBERTS v. DIBBLE.

[3 McLean, 86.][1]

Circuit Court, D. Michigan. Oct. Term, 1842.

Mr. Ten Eyck, for plaintiff.

Mr. Talbott, for defendant.

OPINION OF THE COURT. This is an action of debt, brought on a judgment of the supreme court of the state of New York. The defendant filed three pleas. 1. Nul tiel record. 2. Statute of limitations. 3. That plaintiffs were not citizens of New York. The plaintiffs took issue on the first and third pleas; and as to the second plea, say, that they ought not to be barred from a recovery, because they say, that at the time the action accrued to them, they were in parts beyond seas, to wit, in the state of New York, and that in May, 1841, they came from said parts beyond the seas into the state and district of Michigan, and which coming was the first time they came to the district of Michigan after the accruing of the said cause of action; and that they commenced this suit within eight years after they came from beyond sea into this state and district, after the accruing of said cause of action, &c. The defendant replied that plaintiffs ought not to maintain their action, because the plaintiffs and defendant were, at the date of the recovery, residents of New York, and did then and there reside, continually, for eight years, next succeeding the day of the date of said recovery. Absque hoc, that the said plaintiffs were in parts beyond seas, &c. traversing the replication of the plaintiffs. The plaintiffs sur-rejoined, denying that they and defend-

[1] [Reported by Hon. John McLean, Circuit Justice.]

ant resided continuously in New York for eight years, next succeeding the date of said recovery, without re-affirming what is stated in the replication. To this sur-rejoinder defendant demurred, specially. 1. Because the sur-rejoinder does not tender an issue material out of or upon the traverse, but puts in issue the matter of inducement. 2. That the sur-rejoinder does not re-affirm what the defendant has in his traverse by his rejoinder denied. 3. Because the said sur-rejoinder is a negative pregnant, and that it departs from and abandons the matter set up in the replication, &c.

The plaintiffs insist that the defendant sets up in his rejoinder a substantive distinct fact, and that they were right in taking issue upon that fact, and that if the sur-rejoinder is defective, the plaintiffs are entitled to judgment, because the defendant's rejoinder is bad. A demurrer applies to the first defect in pleading, although as in this case, the demurrer be filed to the sur-rejoinder. The rejoinder of the defendant is bad. In this case, the suit being brought in the state of Michigan, the statute of limitations of New York cannot be pleaded, but the statute of Michigan. The act of limitations is the law of the forum. In Le Roy v. Crowninshield [Case No. 8,269], it is said, "a plea of the statute of limitations of the state where the contract was made, is no bar to a suit brought in a foreign tribunal to enforce that contract; but a statute of limitations of the state where the suit is brought must be pleaded." The statute of Michigan does not apply to persons beyond seas, which has been construed by the state courts, beyond the limits of the state. To avoid the plea of the statute, the plaintiffs state that they resided in the state of New York; that until 1841 they never came into the state of Michigan. To this the defendant rejoins that they both resided in the state of New York eight years, continuously from the time of the recovery, &c. Here the defendant sets up new and substantive matter as inducement to the traverse, which is not alleged by the plaintiffs, and is entirely different matter from that of the traverse. The inducement must be an answer to that of the opposite party's allegation, and must be sufficient to defeat that allegation. The traverse is but an inference from the inducement. Now the facts stated as inducement do not go to deny the plaintiffs' action. They are no answer to it, and can authorise no inference against the plaintiffs' right. The view of the pleader seems to have been to rely upon the statute of limitations of New York, and not the statute of Michigan. The matter of the rejoinder being defective, judgment must be entered for the plaintiffs.