## JONES *vs.* JONES.

1. The validity, interpretation, and construction of a contract are governed by the law of the place where the contract was made; the remedy for its breach, by that of the forum where it is sought to be enforced.

2. The bar created by the statute of limitations does not extinguish or discharge a contract, but merely takes away the remedy provided for its enforcement.

Jones v. Jones.

3. The statute of limitations of another State, in which the contract was made, although a complete bar to a suit instituted on it there, is not an available defence to a suit brought on it in this State. (Overruling Goodman v. Monk, 8 Port. 94.)

4. The distinction between the operation of the statute of limitations, when applied to property, adversely held, and when applied to contracts for the payment of money, is this—in the one case, it acts on the title, and, when the bar is perfect, transfers it to the adverse possessor, whilst in the other, there is no such thing as an adverse possession, but the statute simply affects the remedy, and not the debt.

ERROR to the Circuit Court of Talladega. Tried before the Hon. John J. Woodward.

ASSUMPSIT by the plaintiff against the defendant in error for money paid, laid out and expended for his use, &c. The statute of limitations of the State of Georgia, in which State the defendant lived at the time of the transaction and for six years afterwards, was relied on as a defence, it being agreed between the parties that any special matter in bar might be given in evidence under the general issue. The court charged the jury in effect that if they believed that the defendant resided in the State of Georgia six years after the accrual of the cause of action and before his removal to this State, the statute of limitations of Georgia would bar the action. To this charge the plaintiff excepted and assigns it as error. Other questions are presented by the record, but, as they are not decided, it is unnecessary to notice them.

RICE, for the plaintiff: In no such case as this can the statute of limitations of another State be available as a defence in the courts of Alabama, because such statute affects not the right, but only the remedy.—Medbury v. Hopkins, 3 Conn. R. 472; Ruggles v. Keeler, 3 Johns. R. 263; Decouche v. Savetier, 3 Johns. Ch. R. 190; Byrne v. Crowninshield, 17 Mass. 55, (case in point;) Williams v. Jones, 13 East. R. 449; Lincoln v. Battelle, 6 Wend. 475; Crawford v. Childress, 1 Ala. 487; Duval v. McCloskey, 1 ib. 744-5; Givens v. West. B'k of Georgia, 2 ib. 397; Hitchcock v. U. S. B'k, 7 ib. 387.

WHITE & PARSONS, for the defendant: The statute of limitations of Georgia created a complete bar to this action. The law was thus ruled in this court, in Goodman v. Monk, 8 Port.

18

94-5; Brown v. Brown, 5 Ala. 512-13; Shelby v. Grey, 11 Wheat. 361-71-2; Huber v. Steiner, 2 Bing. N. Cases, 202-11; Story Con. Laws, 488; see also, Towns v. Bardwell, 1 S. & P. 40.

DARGAN, C. J.—There is one question in this case, which, if decided in favor of the plaintiff, will render the examination of the others unnecessary. It is this: admitting that the statute of limitations of Georgia would be a bar to an action on this contract, if brought in that State, will it avail the defendant, the suit being brought in Alabama?

It is a principle of law, admitted by all courts, that the *lex loci contractus* must govern as to the validity, interpretation, and construction of the contract. But the remedy to enforce it, or to recover damages for its breach, must be pursued according to the law of the forum where the suit is brought.—Peake v. Yeldell, 17 Ala. 636; Cornegee v. Morrison, 2 Metc. 381; Leroy v. Crowninshield, 2 Mason, 157; Story Con. of Laws, §§ 275-6. Guided by these plain rules, which can be denied by no one, to my mind it seems plain, that where a law of another State is relied on as a defence to a suit brought in this State, it must be shown that, according to the *lex loci contractus*, the contract was invalid, or if once valid, that it has become extinguished, and therefore is not in legal contemplation a contract. If the foreign law does not affect the contract itself, but only the remedy to enforce it, we cannot regard it; for all remedies on contracts, whether made in or out of this State, must be governed by our own laws, when the suit is brought here, without regard to the remedies afforded by the laws of other *countries*. Applying this test to the question, there can be but one answer given, if we are to be guided by the settled principles of law; for all the authorities agree that the statute of limitations, even when the bar is perfected, does not annul the contract itself, but only takes away the remedy provided by law for its enforcement. Now if the contract itself is not discharged, but the remedy alone is taken away, how can we refuse to allow a remedy, the contract being valid, merely because there is no remedy in the State where the contract was made? To refuse a remedy on such a contract would not be to interpret the contract by the *lex loci* only, but it would be to govern ourselves by the laws of other

countries in regard to the remedies allowed for the purpose of enforcing contracts.

In the case of Williams v. Jones, 13 East. 439, the parties entered into a contract in India and there remained until by the law of that country the remedy was barred. Suit was afterwards brought in England, and the foreign statute of limitations was relied on as a bar, but the court held that it was no defence. It was admitted by the court in that case, that if, by the law of India the contract was extinguished, then no remedy could be allowed upon it in England, but as the law only took away the remedy and did not affect the contract itself, the courts of England must enforce it. In the case of Leroy v. Crowninshield, 2 Mason, 157, the suit was brought in Massachusetts, and the defence was that the action was barred by the laws of New York, where the contract was made. Judge Story, after an elaborate examination of the question, finally yielded to the weight of authority, and held, contrary to his own inclination, that the statute of limitations of New York was no defence. In the case of Medbury v. Hopkins, 3 Conn. 472, the question was whether the statute of limitations of New York was a good defence to a suit brought in Connecticut, it appearing that the contract was made in the State of New York, and that if suit had been brought there the statute of that State would have been a good defence. The court said it was well settled that contracts were to be construed according to the law of the place, in reference to which they were made, but that the *lex loci* was applicable only as to the validity and the interpretation of contracts, not as to the time, mode, or extent of the remedy; and upon that principle held that the statute of New York was no defence. In the case of Lincoln v. Battelle, 6 Wend. 475, the Supreme Court of New York held that the statute of limitations of the State, where the contract was made, was no bar to an action brought in the courts of New York. Savage, C. J., in delivering the opinion, said, the distinction between the *lex loci* and the *lex fori* is well settled. The laws of the *lex loci* are to govern all questions affecting the validity, nature, and construction of the contract, but the law of the place where the contract is sought to be enforced must govern as to the remedy. To the same effect, see 3 Johns. R. 263; 3 Johns. Ch. R. 190-218. In the case of Byrne v. Crowninshield, 17 Mass. 55, the Supreme Court of that State

held the same doctrine.   The court said, the principle has often been recognised, that the laws of the country where the contract is made must govern in its construction; those of the country where the remedy is sought, must prescribe the remedy.—— See also, Pearsall v. Dwight, 2 Mass. 84, in which Chief Justice Parsons held the same doctrine.   In the case of Egberts v. Dibble, 3 McLean, 86, it was held that the statute of limitations of the State where the suit was brought alone could be pleaded, and not the statute of limitations of any other State.—See also, Harper v. Hampton, 1 H. & J. 622.   Opposed, however, to these authorities is the case of Goodman v. Monk, 8 Port. 94. In that case, our predecessors held that the statute of limitations of another State, where the contract was made and where the parties resided until the bar of that State was complete, could be pleaded as a bar to an action brought upon the contract in this State.   But the decision stands unsupported by authority, and, I think, it may be said, it is in opposition to every well considered case, both in England and America, where the question has been raised.  We should not, however, depart from it, if we thought it could be sustained upon principle.   But there is no principle, upon which it can rest, unless we broadly hold that the bar of the statute extinguishes the debt itself.   Indeed, this seems to be the conclusion attained by the court in that case, but, we apprehend, that no one can doubt, but that the statute of limitations, when applied to a personal contract, acts only upon the remedy, and not upon the contract.   For instance, although a debt may be barred by the statute,  yet it is well settled, that if there is a lien to secure its payment, the lien may be enforced; but if the statute acted on the debt itself, as well as the remedy, and extinguished both, I think it might well be asked how the lien could be enforced?   The debt is the principal, the lien the incident, and dependent on the debt for its existence, and if the debt be extinguished, how can the lien survive?   To my mind, they exist together, and when the principal is gone, on which the incident depends, the incident must go with it.   It is true, if the lien existed by way of mortgage, the mortgagee might insist on his legal title to the thing mortgaged and bring his action at law without regard, perhaps, to the legal existence of the debt, but could he file his bill in equity to have the thing sold, if he had no debt?   Or if the lien was a

mere equity, could he obtain satisfaction of his debt after it was by operation of law extinguished, unless the same law that extinguished the debt preserved the lien? Our own decisions furnish the answer to these questions. It is that the statute of limitations only bars the remedy and does not affect the debt itself. The debt, therefore, still existing, the lien may be enforced for its satisfaction.—Doe on the demise of Duval's Heirs v. McLosky, 1 Ala. 708, and cases there cited. As the statute of limitations does not extinguish the debt itself, but only bars the remedy, when the remedy is sought in our courts, it cannot avail the party to show, that in another forum no remedy would be allowed; he must show that there is no remedy under our laws, or that by the law of the *loci contractus* the debt itself is extinguished or discharged. But it is contended that there is no difference between the effect of the statute, when applied to property held adversely, and when applied to contracts for the payment of money. It is, however, sufficient to observe that when property, whether real or personal, is held adversely, the statute operates on the title, and when the bar is complete, the title of the original owner is defeated, and the adverse possessor has the complete title.—Howell *v.* Hair, 15 Ala. 194; McElmoyle v. Cohen, 13 Pet. 312; Shelby v. Guy, 11 Wheat. 371; Bent v. Chapman, 5 Cranch, 358; Angell on Lim., 18 to 20. But in the case of a contract, there is no such thing as adverse possession; the remedy alone is affected by the statute, and not the debt itself. This distinction is recognised, not only by this court, but in all courts, where the question has received judicial investigation. We are, therefore, compelled to acknowledge the distinction, and hold that the statute, when applied to contracts for the payment of money, takes away the legal remedy alone, not affecting the debt itself. Under the influence of this principle and the whole current of authorities, both English and American, we feel constrained to hold that the decision in the case of Goodman v. Monk is not the law, and it is, therefore, overruled; and it follows that the court erred, as the instructions given to the jury were in conformity with the principle announced in that case.

Let the judgment be reversed and the cause remanded.

CHILTON, J., not sitting, having been of counsel, before his election to the bench.