309 So.2d 826

# STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

v.

## Gerald E. BRADLEY.

### SC 958.

Supreme Court of Alabama.

March 13, 1975.

Hill, Hill, Carter, Franco, Cole & Black, Montgomery, for appellant.

Capell, Howard, Knabe & Cobbs and William D. Coleman, Montgomery, for appellee.

## 697

Bradley, his wife, his child who survived, and the administratrix of the deceased child's estate sued the uninsured motorist and obtained judgments as follows: Bradley, $70,000; his wife, $150,000; child, $30,000; and administratrix, $70,000.

Each policy provided uninsured motorist coverage of $10,000 per person and $20,000 per accident as required by South Carolina law. Sections 46–750.32 and 46–750.33, Code of South Carolina, 1962. The accident happened on June 20, 1970. Notice was given to State Farm two days later. There was some evidence that State Farm knew as early as a week or two after the accident that damages would exceed $20,000.

State Farm paid $20,000 under one of the policies on April 24, 1972 (22 months after it received notice), but refused coverage under the other policy on the ground that an exclusion in the policy would prevent "stacking" the coverage contained in the other policy.[1] Bradley filed suit seeking to recover the "uninsured motorist" benefits available in the policy for the car which was not involved in the accident. The trial court found for Bradley, thereby permitting Bradley to "stack" this coverage. We affirm.

South Carolina seems to allow "stacking." In Boyd v. State Farm Mut. Auto. Ins. Co., 260 S.C. 316, 195 S.E.2d 706 (1973), the policyholder had two vehicles insured by State Farm under two separate policies. State Farm paid under one policy but denied benefits under the other policy, relying upon an "other insurance" exclusion clause. The Supreme Court of South Carolina permitted recovery up to the policy limits under both policies. The Court said:

"It is settled law that statutory provisions relating to an insurance contract

MADDOX, Justice.

This case involves the question of "stacking" uninsured motorist coverage under South Carolina law since the contracts of insurance were made there.

■ State Farm issued two automobile liability policies to one Bradley covering two vehicles. The cars were principally garaged in South Carolina, and since the policies were issued in South Carolina, we will apply that state's law.

Bradley, his wife and two children were injured in an automobile accident in Montgomery County, Alabama. The driver of the other vehicle was uninsured. One of Bradley's children died as a result of injuries received in the accident.

1. The exclusion clause read, in part:
   "This endorsement does not apply * * * (b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or any relative resident in the same household."

are part of the contract, and that a policy provision which contravenes an applicable statute is to that extent invalid.
. . .

"Section 46–750.32, Code of 1962, Cumulative Supplement, prescribes minimum limits for automobile liability insurance policies of $10,000.00 for injury to or death of one person, $20,000.00 for injury to or death of two or more persons and $5,000.00 for injury to or destruction of property. Section 46–750.33, Cumulative Supplement, provides that '(n)o such (automobile liability) policy or contract shall be issued or delivered unless it contains . . . the uninsured motorist provision, undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of Section 46–750.32.' We find no ambiguity in the language of the statute. *To prohibit the issuance of any such policy without the prescribed minimum coverage is to require that each policy issued shall provide this coverage.* . . .

\* \* \* \* \* \*

"[1] Here, the obligation of the insurer under the terms of the statute is to pay plaintiff *all sums* which he is legally entitled to recover from the tortfeasor up to the limit of insurance provided by *both policies.* Since plaintiff's damages exceed the sum of available coverages, the 'other insurance' provisions are ineffective." (Emphasis added.)

In Hogan v. Home Insurance Co., 260 S.C. 157, 194 S.E.2d 890 (1973), a policy provision excluded relatives of the named insured residing in the same household from uninsured motorist coverage, except when they were occupying the vehicle described in the policy. The clause considered in *Hogan* was similar to the one in the case at bar. It provided:

"This endorsement does not apply:

(b) to bodily injury to an uninsured while occupying an automobile (other than an insured automobile) owned by the named insured or any relative resident in the same household."

The South Carolina court first admitted that in Willis v. Fidelity & Casualty Co. of N. Y., 253 S.C. 91, 169 S.E.2d 282 (1969), it had upheld a provision in a liability policy excluding *liability* coverage to an insured while driving an automobile which was not described in the policy, but which was owned by the named insured or a member of the same household. However, the Court held that the exclusion clause in the uninsured motorist policy was void. It distinguished between liability and uninsured motorist coverage, as follows:

"\* \* \* The liability contract is only required to insure 'the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of' the motor vehicle described in the policy; while uninsured motorist coverage obligates the insurer to pay all sums which the insured 'shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle.' Uninsured motorist coverage is not to provide for the uninsured vehicle but to afford additional protection to an insured. Unlike the provisions relative to liability coverage, the statute plainly affords uninsured motorist coverage to the named insured and resident relatives of his or her household at all times and without regard to the activity in which they were engaged at the time. *Such coverage is nowhere limited in the statute to the use of the insured vehicle, and cannot be so limited by the policy provisions.*" (Emphasis added.)

In Ferguson v. State Farm Mut. Auto. Ins. Co., 261 S.C. 96, 198 S.E.2d 522 (1973), the Court held that the insurer's

liability under the uninsured motorist endorsement was not subject to reduction, under an exclusionary clause, by amounts received by insured's dependents under Workmen's Compensation Laws. The Court commented as follows:

"*  *  * It was not the purpose of the uninsured motorist endorsement to provide coverage for the uninsured vehicle, its owner or operator, but was to provide benefits and protection against the peril of injury or death by an uninsured motorist to an insured motorist, his family, and the permissive users of his vehicle. Laird v. Nationwide Ins. Co., 243 S.C. 388, 134 S.E.2d 206.

"The public policy declared by our uninsured motorist statute imposes an obligation on insurers to provide protection to their insureds against loss caused by wrongful conduct of an uninsured motorist, and *any limiting language in an insurance contract which had the effect of providing less protection than made obligatory by the statutes is contrary to public policy and is of no force and effect.*" (Emphasis added.)

 In view of these holdings, we are of the opinion that South Carolina permits "stacking."

State Farm raises one further point: the trial court erred in allowing interest from the time State Farm received notice of the claim instead of from the date the insureds obtained judgments. Under the facts of this case, the trial court did not err in allowing interest. The trial court could have found that State Farm knew early that damages would exceed coverage under both policies. The intent of the parties to a release which was signed by State Farm and the insured involved a question of whether the insured waived recovery of interest. The trial court found the issue in favor of the insured.

State Farm contends its obligation to pay became fixed on the date judgments were obtained against the uninsured motorist. We disagree. State Farm recognizes that State Farm Automobile Ins. Co. v. Reaves, 292 Ala. 218, 292 So.2d 95 (1974), is authority for allowing interest from the time claim is made rather than from the date of judgment only. State Farm argues, however, that this decision puts companies in "an intolerable position" and, in effect, asks this Court to review the holding in *Reaves*. We see no reason to change or modify the rule regarding interest set out in *Reaves*.

Affirmed.

HEFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.