This is an appeal from a declaratory judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm") on Louis B. Cotton's claim for underinsured motorist benefits.
Cotton was injured in an automobile accident in Huntsville, Alabama, in August 1986. The parties have stipulated that the other driver, Larry Bowen, was at fault. Cotton's injuries resulted in damages exceeding $100,000.00; however, Bowen's maximum liability insurance coverage was $50,000.00. Bowen's insurance company, Alabama Farm Bureau, offered Cotton its maximum liability limit of $50,000.00 in exchange for the release of Bowen and Alabama Farm Bureau. After notifying State Farm of the offer, Cotton accepted the $50,000.00 pro tanto and then proceeded to attempt collection of underinsured motorist benefits from his own insurer, State Farm.
The two $25,000.00 policies under which Cotton is claiming benefits were issued by State Farm in Humboldt, Tennessee. Cotton is originally from Atwood, Tennessee, not far from Humboldt, and he maintained a house in Atwood from 1973 until 1987. After selling his house in 1987, he purchased a lot there. Both of Cotton's cars were registered in Tennessee; and he is a resident of that State. However, Cotton has been employed at Redstone Arsenal in Huntsville, Alabama, since 1958, and he resides in a mobile home in Huntsville from Sunday through Friday of each week. He generally returns to Tennessee on the weekends.
When the two policies in question were issued, Cotton was dealing with the State Farm office in Humboldt. He never changed companies or sought to deal with the State Farm office in Huntsville. There also is no evidence that he notified State Farm that he was spending the majority of his time in Alabama. Cotton contends that because his automobile was principally garaged in Alabama, Alabama law should be applied in determining the amount of his uninsured/underinsured benefits. The application of Alabama law would be beneficial to him because under it he would be entitled to "stack" his policies, thereby receiving $50,000.00 in benefits above his settlement. Tennessee law, on the other hand, does not permit the stacking of policies. Therefore, his claim would only be for $25,000.00. In addition, in Tennessee *Page 1388 
uninsured/underinsured motorist benefits are offset by money recovered from the uninsured/underinsured motorist. § 56-7-1202, Tenn. Code.Ann. Therefore, should Tennessee law apply, Cotton's claim for underinsured benefits would be offset by the $50,000.00 he received in his settlement with Bowen and Alabama Farm Bureau.
In considering which state's law should apply to the facts before us, we note that the insurance contract was formed in Tennessee between a company doing business there and a Tennessee resident. In Davis v. Hartford Ins. Co.,456 So.2d 302, 304 (Ala. 1984), this Court held that Illinois law should apply with regard to an insurance contract where the contract "was made within the State of Illinois between an Illinois company and an Illinois resident." We cited American InterstateIns. Co. of Georgia v. Holliday, 376 So.2d 701 (Ala. 1979), andState Farm Mutual Automobile Ins. Co. v. Bradley, 293 Ala. 695,309 So.2d 826 (1975), as reaching the same conclusion with regard to contracts formed in Georgia and South Carolina, respectively.
The cases mentioned above, however, deal with insurance contracts in general and do not involve a mandatory statute, such as Alabama's uninsured motorist provision, § 32-7-23, Codeof Alabama (1975). With regard to such compulsory insurance, Cotton's policy has the following language:
"B. 1. Out-of-State Coverage
 "If an insured under the liability coverage is in another State or Canada and, as a non-resident, becomes subject to its motor vehicle compulsory insurance, financial responsibility or similar law:
 "a. the policy will be interpreted to give the coverage required by the law."
We must determine whether § 32-7-23, supra, applies to the situation before us. That section states in pertinent part:
 "(a) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless
coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section 32-7-6, under provisions approved by the commissioner of insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."
It is conceded that Cotton's automobile was principally garaged in Alabama. The question, therefore, is whether his policy was "delivered or issued for delivery" in this State. The fact is that the policy was issued in Tennessee and the premium notices were always mailed to Cotton's Atwood, Tennessee, address. The fact that Cotton mailed his premium checks from Madison, Alabama, is of little consequence. If Cotton had been on vacation in California and mailed his premium checks from there, this Court certainly would not then apply California law. While we recognize that Cotton's claim for underinsured motorist benefits will be determined by Tennessee law, we submit that that is exactly what he bargained for. It would have been simple enough to notify State Farm that he would be in Alabama most of the time and that it should mail his policies to him here. He chose not to do so. We simply cannot say, under the facts before us, that the trial judge erred in his determination that the contract was not "delivered or issued for delivery" in Alabama. Cotton was a resident of Tennessee and his automobiles were registered there. He dealt with a Tennessee company and had his premium *Page 1389 
notices mailed to a Tennessee address. For the foregoing reasons, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.