659 So.2d 30 (1995)
Carl Benny TAYLOR
v.
TENNESSEE FARMER'S MUTUAL INSURANCE COMPANY.
1930993.
Supreme Court of Alabama.
February 17, 1995.
Rehearing Denied April 7, 1995.
*31 David E. Hampe, Jr., Birmingham, for appellant.
Jack M. Bains, Jr. of McDaniel, Hall, Conerly & Lusk, P.C., Birmingham, for appellee.
INGRAM, Justice.
Carl Benny Taylor appeals from a summary judgment entered in favor of Tennessee Farmer's Mutual Insurance Company ("TFMI") on Taylor's claim for underinsured motorist benefits.
Taylor was a mechanic at Performex Lube "N" Tune, Inc. In November 1989, Mohamed S. Janjua was attempting to drive his automobile into a service bay to have work performed. For unknown reasons, Janjua accelerated his vehicle and pinned Taylor against the service bay doors, causing Taylor severe injuries. Because of his injuries, Taylor received $55,700 in workers' compensation benefits and $50,000 from Janjua's liability insurer. Taylor's damages exceeded the total of these awards, and he sued TFMI, his own insurer, for underinsured motorist benefits.
In its summary judgment for TFMI, the trial court held that Taylor's insurance policy must be construed under the substantive law of the state of Tennessee. Under Tennessee law, which permits no "stacking" of coverages and which permits certain "offsets" against recovery of underinsured motorist benefits, Taylor would be entitled to nothing from TFMI. However, under Alabama law, allowing stacking and not permitting the offsets, Taylor would be entitled to underinsured motorist benefits.
Taylor is originally from Benton, Tennessee. He and his wife moved from Benton to Birmingham, Alabama, in July 1988, when Mrs. Taylor entered dental school. TFMI renewed the insurance policy three times after the Taylors moved from Tennessee to Alabama. Approximately one year before this accident, TFMI mailed a premium notice to the Taylors at their former Tennessee address. The premium notice was returned to TFMI undelivered, with a Birmingham address noted on the front of the returned envelope. The underwriting department sent a letter to the general agent to ascertain whether the Taylors' address in Birmingham was temporary or permanent. The general agent responded with the statement "Mrs. Taylor is in medical school in Alabama." TFMI continued to renew the policy to the Taylors.
Taylor appealed from TFMI's summary judgment. He argues that the court erred in applying Tennessee law to his contractual relationship with TFMI. Specifically, he argues that the evidence before the court on TFMI's summary judgment motion clearly showed that the policy under which he claimed benefits had been "delivered or issued for delivery" in Alabama; and, citing Ala.Code 1975, § 32-7-23(a), he argues that that fact makes Alabama's law regarding uninsured/underinsured motorist insurance applicable. Section 32-7-23(a) provides:
"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section 32-7-6, under provisions approved by the commissioner of insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."
Both parties cite Cotton v. State Farm Mut. Auto. Ins. Co., 540 So.2d 1387 (Ala. 1989), as controlling. In that case, Cotton *32 worked in Alabama during the week and went home to Tennessee on the weekends. He never notified his insurance company that he was spending the majority of his time in Alabama. Cotton contended that because his automobile was principally garaged in Alabama, Alabama law should apply. The Cotton Court determined that although Cotton's car was principally garaged in Alabama, his insurance policy had not been "delivered or issued for delivery" in Alabama. The policy had been issued in Tennessee and had been mailed to Cotton at his Tennessee address. The insurance company knew nothing about Cotton's spending the majority of his time in Alabama, and the fact that he mailed his premium checks from Alabama was insufficient to require that Alabama law be applied.
This case is distinguishable from Cotton. In Cotton, there was insufficient evidence to find that the policy had been "delivered or issued for delivery" in Alabama. The insurer had known nothing about Cotton's residing in Alabama during the week. To the contrary, TFMI knew the Taylors were living in Alabama. The evidence in this case would support only the conclusion that Taylor's policy was "delivered or issued for delivery" in Alabama. Therefore, pursuant to § 32-7-23, Alabama law must be applied in determining the underinsured benefits to which Taylor is entitled. Accordingly, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHORES, HOUSTON, KENNEDY and COOK, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
I believe the trial judge correctly determined that Tennessee law was applicable in this case; therefore, I respectfully dissent.