CRAWLEY, Judge.
In July 1994, Shirley Charlene Thompson sued Wesley B. Chambers, alleging that he had negligently and wantonly caused an automobile accident. Thompson also sued fictitious defendants, alleging against them negligent entrustment and respondeat superior liability. She also sought uninsured motorist coverage from Acceptance Insurance Company, which had a policy on the vehicle in which she was riding. Acceptance filed a motion for summary judgment, which the trial court granted. It certified the summary judgment as final, pursuant to Rule 54(b), Ala.R.Civ.P. Thompson appealed, and this case was transferred to this court by the Supreme Court pursuant to Ala.Code 1975, § 12-2-7(6).
Thompson argues that the trial court erred in entering summary judgment for Acceptance. A motion for summary judgment is to be granted when no genuine issue of a material fact exists, and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. Moreover,
“In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Ala.Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
Capital Alliance Insurance Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994).
John Vaughn, an employee of Passmore Mobile Home Transit, Inc., hired Thompson to serve as an escort for the delivery of a mobile home from Boaz, Alabama, to Macon, Georgia. Thompson drove an escort vehicle to Macon, but her vehicle was towed by the truck on the return trip to Boaz, and Thompson was a passenger in the truck driven by Vaughn. Vaughn rear-ended a vehicle driven by Wesley Chambers, which was stopped on Alabama Highway 79 in Guntersville. The truck flipped; Thompson was thrown from the truck and was hospitalized for several days. She suffered permanent injuries. Thompson and Chambers eventually entered into a pro tanto settlement for $100,000, the policy limits on Chambers’s automobile insurance policy. •
Acceptance, a Nebraska insurance company, had issued a policy to Passmore, a Kentucky corporation that does business in several states, including Alabama. Passmore’s agents located in Tennessee applied for insurance with Acceptance’s agents located in Kentucky. Acceptance’s Kentucky agents issued a policy to Passmore at Passmore’s Kentucky address. Passmore’s business is transporting mobile homes from the manufacturer to the dealer. All of Passmore’s trucks, including the one in which Thompson was riding, are licensed in Kentucky and *91 have Kentucky tags. The truck in which Thompson was riding is kept at Vaughn’s home in Ardmore, Tennessee, while it is not being used for Passmore’s business. The truck is dispatched from a Passmore office in Boaz, Alabama, when it is to be used for a business delivery.
Thompson argues that Alabama’s uninsured motorist statute, Ala.Code 1975, § 32-7-23, governs her recovery of uninsured motorist benefits. Section 32-7-23 states:
“(a) No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section 32-7-6, under provisions approved by the commissioner of insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer.
“(b) The term ‘uninsured motor vehicle’ shall include, but is not limited to, motor vehicles with respect to which:
“(1) Neither the owner nor the operator carries bodily injury liability insurance;
“(2) Any applicable policy liability limits for bodily injury are below the minimum required under section 32-7-6;
“(3) The insurer becomes insolvent after the policy is issued so there is no insurance applicable to, or at the time of, the accident; and
“(4) The sum of the limits of liability under all bodily injury liability bonds and insurance policies available to an injured person after an accident is less than the damages which the injured person is legally entitled to recover.
“(c) The recovery by an injured person under the uninsured provisions of any one contract of automobile insurance shall be limited to the primary coverage plus such additional coverage as may be provided for additional vehicles, but not to exceed two additional coverages within such contract.”
She contends that the truck in which she was riding at the time of the accident is “principally garaged” in Alabama, and, therefore, that § 32-7-23 will govern her claim for uninsured motorist benefits. We must determine whether Alabama law governs Thompson’s claim for uninsured motorist coverage.
Two Alabama Supreme Court cases are pertinent to the present action. In Cotton v. State Farm Mut. Auto. Ins. Co., 540 So.2d 1387 (Ala.1989), the insured, a resident of Tennessee, had purchased an automobile insurance policy from a Tennessee insurance company. The insured then obtained employment in Alabama; he then began residing in Alabama during the week and residing in Tennessee during the weekend. The insured received his premium notices at a Tennessee address, but he sent his premium payments from Alabama. The court held that Tennessee law governed his recovery of uninsured motorist benefits. The court stated its reasons for that holding as follows:
“It is conceded that Cotton’s automobile was principally garaged in Alabama. The question, therefore, is whether his policy was ‘delivered or issued for delivery’ in this State. The fact is that the policy was issued in Tennessee and the premium notices were always mailed to Cotton’s Atwood, Tennessee, address. The fact that Cotton mailed his premium checks from Madison, Alabama, is of little consequence. If Cotton had been on vacation in California and mailed his premium checks from *92 there, this Court certainly would not then apply California law. While we recognize that Cotton’s claim for underinsured motorist benefits will be determined by Tennessee law, we submit that that is exactly what he bargained for. It would have been simple enough to notify State Farm that he would be in Alabama most of the time and that it should mail his policies to him here. He chose not to do so. We simply cannot say, under the facts before us, that the trial judge erred in his determination that the [insurance] contract was not ‘delivered or issued for delivery1 in Alabama. Cotton was a resident of Tennessee and his automobiles were registered there. He dealt with a Tennessee company and had his premium notices mailed to a Tennessee address.”
540 So.2d at 1388-89.
In Taylor v. Tennessee Farmer’s Mut. Ins. Co., 659 So.2d 30 (Ala.1995), the insured, a resident of Tennessee, purchased an automobile insurance policy from a Tennessee insurance company. The insured then moved to Alabama, and the insurance company renewed the policy three times after the insured moved to Alabama. The insurance company mailed a premium notice to the insured’s former Tennessee address; the notice was returned with a Birmingham address noted on the envelope. The insurance company ascertained that the insured was attending dental school in Birmingham and proceeded to renew the policy. The court held that Alabama law governed the insured’s recovery of uninsured motorist benefits. The court stated its reasons for that holding as follows:
“ This case is distinguishable from Cotton. In Cotton, there was insufficient evidence to find that the policy had been ‘delivered or issued for delivery’ in Alabama. The insurer had known nothing about Cotton’s residing in Alabama during the week. To the contrary, [this insurance company] knew the [insured was] living in Alabama. The evidence in this ease would support only the conclusion that [the insured’s] policy was ‘delivered or issued for delivery’ in Alabama. Therefore, pursuant to § 32-7-23, Alabama law must be applied in determining the underinsured benefits to which [the insured] is entitled.”
659 So.2d at 32.
We first note that Thompson’s argument that the truck is principally garaged in Alabama, and that Alabama law therefore applies, is misplaced. To determine which state’s law governs Thompson’s recovery of uninsured motorist benefits, the dispositive issue is whether the policy was “delivered or issued for delivery” in Alabama. Ala.Code 1975, § 32-7-23; Taylor, supra; and, Cotton, supra. The “delivered or issued for delivery” rule comports with Alabama’s application of the lex loci contractus rule — the rule that the law of the state where the contract is made governs the interpretation of an insurance policy. Cincinnati Ins. Co. v. Girod, 570 So.2d 595 (Ala.1990). Even if it is undisputed that the truck is principally garaged in Alabama, Alabama law may not govern the question of uninsured motorist coverage if the policy has been issued in another state. See Cotton at 1388. Also, the fact that the claim arose in Alabama does not mandate the application of Alabama law. State Farm Mut. Auto. Ins. Co. v. Bradley, 293 Ala. 695, 309 So.2d 826 (1975). Furthermore, in states that apply the lex loci con-tractus rule, the fact that an insured corporation does business in a particular state is not a factor to be considered in determining which state law applies to the policy. See Commercial Union Ins. Co. v. Porter Hayden Co., 97 Md.App. 442, 630 A.2d 261 (1993), vacated on other grounds, 339 Md. 150, 661 A.2d 691 (1995).
As discussed above, the insurance policy was “issued for delivery” in Kentucky. Therefore, Kentucky law applies, despite the fact that the accident occurred in Alabama and the fact that Passmore does business in Alabama. It is undisputed that under Kentucky law, Thompson is not entitled to uninsured motorist benefits. See Ky.Rev.Stats. § 304.20-020 and § 304.39-110(l)(a).
We conclude that the trial court correctly entered the summary judgment for Acceptance because, as a matter of law, Thompson’s claim for uninsured motorist coverage is governed by the law of Kentucky, and, *93 pursuant to Kentucky law, Thompson is not entitled to that coverage.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.