This case stems from a dispute over the manner in which one insurance company represented another insurance company in an underlying action alleging the wrongful termination of an employee. It comes to this Court via two certified questions from the United States District Court for the Middle District of Alabama. Our answer *Page 615 
to the first question moots the second question.
 I. Factual Background
Twin City Fire Insurance Company ("Twin City") provided commercial general liability ("CGL") coverage to Colonial Life Accident Insurance Company ("Colonial") from 1994-1996. One of Colonial's former employees filed a wrongful-termination action in 1996, and, as provided by the policy, Twin City helped defend Colonial in that action under a reservation of rights. Pursuant to the reservation of rights, Twin City filed a declaratory-judgment action in the United States District Court for the Middle District of Alabama, seeking a declaration that it had no duty to continue defending Colonial and no duty to indemnify Colonial in the event that a judgement was entered against it. The wrongful-termination action was settled out of court for $1.3 million; that amount was provided by Colonial and the other insurance companies that had provided Colonial with CGL coverage. Twin City contributed nothing to the settlement.
The settlement rendered the declaratory-judgment action moot, but before that action was dismissed Colonial filed a counterclaim against Twin City alleging fraud, breach of contract, and breach of the insurer's enhanced duty of good faith under the reservation-of-rights defense. Judge Ira DeMent dismissed the fraud claim but allowed the breach-of-contract and breach-of-duty-of-good-faith claims to go to trial. After hearing the evidence, Judge DeMent entered an order indicating that he would find no breach of contract by Twin City, but that he would find that under Alabama law Twin City had breached its enhanced duty of good faith. However, before entering a final order to this effect, Judge DeMent, pursuant to Rule 18, Ala.R.App.P., certified the following two questions to this Court:
 "1) Does breach of the insurer's enhanced duty of good faith, imposed by L S Roofing Supply Co. v. St. Paul Fire Marine Ins. Co., 521 So.2d 1298 (Ala. 1988), sound in contract or tort? If [in] tort, and under the facts of this case, if Alabama choice-of-law rules dictate application of South Carolina law on a claim of breach of insurance policy, would Alabama law apply to a claim of breach of the insurer's enhanced duty of good faith?" and
 "2) Are punitive damages available for breach of the insurer's enhanced duty of good faith in cases where the insurance policy does not cover the underlying claim, pursuant to which the insurer has provided the reservation-of-rights defense?"
The first question is actually two questions, asking first whether under Alabama law a claim alleging a breach of an insurer's enhanced duty of good faith is a tort or a contract claim, and second, if it is a tort claim, whether Alabama or South Carolina law applies.
If this Court determines that the insurer's enhanced duty of good faith sounds in contract, then the parties have stipulated that Alabama law dictates that South Carolina law (the place where the contract providing CGL coverage was executed) controls Colonial's claim. However, if the Court finds that the claim sounds in tort, then another matter becomes unclear. Whose law applies to the tort claim arising out of the contract claim? That is the thrust of the second half of the first certified question.
The answer to the first certified question affects the type of damages available to Colonial, which is the topic of the second question certified by the district court. Because we determine that the enhanced-duty-of-good-faith claim sounds in contract and not in tort, we need not determine *Page 616 
whether Alabama law applies to that claim, nor must we determine what kind of damages can be awarded in such a claim.
 II. Analysis L S Roofing Supply Co. v. St. Paul Fire Marine Insurance Co.,521 So.2d 1298 (Ala. 1988), is the seminal case in this area. That case holds that "when an insurance company undertakes a defense pursuant to a reservation of rights, it does so under an `enhanced obligation of good faith' toward its insured in conducting such a defense." Aetna Cas. Sur. Co. v. Mitchell Bros., Inc., 814 So.2d 191, 195 (Ala. 2001). L SRoofing set forth specific criteria for fulfilling the enhanced duty of good faith an insurer owes the insured in such a situation:
 "`This enhanced obligation is fulfilled by meeting specific criteria. First, the company must thoroughly investigate the cause of the insured's accident and the nature and severity of the plaintiff's injuries. Second, it must retain competent defense counsel for the insured. Both retained defense counsel and the insurer must understand that only the insured is the client. Third, the company has the responsibility for fully informing the insured not only of the reservation-of-rights defense itself, but of all developments relevant to his policy coverage and the progress of this lawsuit. Information regarding progress of the lawsuit includes disclosure of all settlement offers made by the company. Finally, an insurance company must refrain from engaging in any action which would demonstrate a greater concern for the insurer's monetary interest than for the insured's financial risk.'"
521 So.2d at 1303, quoting Tank v. State Farm Fire Cas. Co.,105 Wn.2d 381, 388, 715 P.2d 1133, 1137 (1986) (emphasis omitted).
The insurer's enhanced duty of good faith arises in a reservation-of-rights situation because, according to the insurance contract, the insurer has a duty to represent the insured on covered claims. A reservation of rights allows the insurer to challenge its liability on the underlying claim while still fulfilling its duty to represent the insured. Because of the potential conflicts inherent in such an arrangement, the enhanced duty of good faith "put[s] in place a procedure by which the insured can be confident that his interests will not be compromised nor in any way subordinated to those of the insurer as a result of the defense he is required to accept under the contract of insurance." L S Roofing, 521 So.2d at 1304. As the Washington Supreme Court explained in Tank v. State Farm Fire Casualty Co., "'[a] reservation of rights agreement is not a license for an insurer to conduct the defense of an action in a manner other than [the manner in which] it would normally be required to defend. The basic obligations of the insurer to the insured remain in effect.'" 105 Wn.2d at 387,715 P.2d at 1137, quoting Weber v. Biddle, 4 Wn. App. 519, 524, 483 P.2d 155,159 (1971).
Thus, an insurer's duty to defend the insured under the enhanced duty of good faith stems from the insurer's duty of representation in the underlying insurance contract. Since the release of our decision in L S Roofing, whenever an insurer defends the insured under a reservation of rights, the enhanced duty of good faith is read into that reservation of rights. Hence, the enhanced duty arises under the insurance contract, because no reservation of rights would take place without the underlying duty of the insurer to defend the insured, and that duty is created by that contract. Because the enhanced duty arises from the contract, it follows that claims alleging a breach of the enhanced duty of good faith are contract claims. *Page 617 
The parties to this case have agreed that if our conclusion is that the breach of the enhanced duty of good faith sounds in contract, then South Carolina law applies, because the contract was executed in South Carolina. Thus, for purposes of this case it is not necessary to answer the question concerning the damages available for a breach of the enhanced duty of good faith under Alabama law. Because of our answer to the first question, an answer to the second question is unnecessary; we therefore decline to answer the second question.
QUESTION NO. 1 ANSWERED; QUESTION NO. 2 DECLINED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.