[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 03-11688

———————————————

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 5, 2004
THOMAS K. KAHN
CLERK**

D. C. Docket No. 99-01319-CV-S-N

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY, and
COLONIAL COMPANIES, INC.,

                                      Plaintiffs-Appellants,

versus

HARTFORD FIRE INSURANCE
COMPANY, TWIN CITY FIRE
INSURANCE COMPANY, et al.,

                                      Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Middle District of Alabama

———————————————

**(February 5, 2004)**

Before ANDERSON, BLACK and HILL, Circuit Judges.

BLACK, Circuit Judge:

Colonial Life & Accident Insurance Company, and Colonial Companies, Inc. (collectively Colonial) appeal the district court's order partially dismissing their lawsuit against Hartford Fire Insurance Company, Twin City Fire Insurance Company, and Hartford Casualty Insurance Company (collectively Hartford). The district court dismissed Colonial's breach of enhanced duty of good faith claim solely because South Carolina classifies the breach of good faith and fair dealing as a tort, and held Alabama law controls the remedy in contract claims even though South Carolina controls the substantive claims. We reverse.[1]

## I. BACKGROUND

Colonial sued Hartford for breach of contract, breach of the enhanced duty of good faith, negligence, and bad faith, in a cross-claim and third party complaint. These claims arose out of a reservation of rights defense provided by Hartford and Hartford's failure to settle the Parker White lawsuit.[2]

---

[1] Although the district court certified only the breach of the enhanced duty of good faith conflict of laws question, "[w]hen a court of appeals has jurisdiction on interlocutory appeal pursuant to 28 U.S.C. § 1292(b), the scope of appellate review is not limited to the precise question certified by the district court because the district court's order, not the certified question, is brought before the court." *Aldridge v. Lily-Tulip, Inc. Salary Retirement Plan Benefits Comm.*, 40 F.3d 1202, 1207 (11th Cir. 1994). We choose to address the remedy question even though it was not specifically mentioned in the district court's interlocutory order. We choose not to address Colonial's additional claims that the district court erred in restricting its bad faith claim to a breach of the enhanced duty of good faith claim, and in holding, as a matter of law, there could not be bad faith failure to settle.

[2] The Parker White lawsuit was filed by an independent representative against Colonial seeking damages for mental anguish, sickness, illness, physical harm, lost commissions, and lost

While this case was pending, the Alabama Supreme Court, in response to a certified question in a related case, held that a claim of breach of the enhanced duty of good faith sounds in contract. *Twin City Fire Ins. Co. v. Colonial Life & Accident Ins. Co.*, 839 So. 2d 614, 616 (Ala. 2002). Following briefs by the parties, the district court conducted a hearing to discuss the impact of *Twin City* on this case. Subsequently, the district court issued an order dismissing Colonial's claim for breach of the enhanced duty of good faith. The court held that under Alabama choice of law provisions and the decision in *Twin City*, Colonial's breach of the enhanced duty of good faith claim sounds in contract and is governed by South Carolina contract law. Because South Carolina recognizes the breach of the duty of good faith and fair dealing as a tort claim, rather than a contract claim, the district court dismissed Colonial's claim for breach of the enhanced duty of good faith. The district court also found that, while Colonial's contract claims are governed by South Carolina substantive law, in the event contract liability exists, the remedy is governed by Alabama law. The district court's interlocutory order certified the following holding for immediate appeal:

> In sum, this is what the court concludes. Alabama law mandates that Colonial's "enhanced duty" claims be construed as contract claims. Because they are contract claims, South Carolina law governs. When

benefits.

3

the court looks to South Carolina contract law, these claims do not exist as contract claims. Under South Carolina law, the claims are construed as tort claims. If the court were then to apply Alabama law to these tort claims, this avails Colonial nothing because under Alabama law, no such tort claims exist. *See Twin City, supra.* Therefore, putting aside terminological problems, counts two and four of the cross-claim and third party complaint [breach of the enhanced duty of good faith and bad faith] must be dismissed because they do not exist as contract claims in South Carolina or as tort claims in Alabama.

## II. DISMISSAL OF THE BREACH OF THE ENHANCED DUTY OF GOOD FAITH CLAIM

A. *Alabama Choice of Law*

"A federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." *O'Neal v. Kennamer*, 958 F.2d 1044, 1046 (11th Cir. 1992). This case was brought in the Middle District of Alabama, and the district court did not err in applying Alabama choice of law rules.

B. *Application of South Carolina Substantive Law*

Alabama applies the traditional doctrines of *lex loci contractus* to contract claims and *lex loci delicti* to tort claims. The doctrine of *lex loci contractus* governs the validity, interpretation, and construction of the contract. *Cherry, Bekaert & Holland v. Brown*, 582 So. 2d 502, 506 (Ala. 1991). The doctrine states that "a contract is governed by the laws of the state where it is made except where

4

the parties have legally contracted with reference to the laws of another jurisdiction." *Id.* The doctrine of *lex loci delicti*, on the other hand, requires the court to "determine the substantive rights of an injured party according to the law of the state where the injury occurred." *Fitts v. Minnesota Mining & Mfg. Co.*, 581 So. 2d 819, 820 (Ala. 1991).

The breach of the enhanced duty of good faith sounds in contract. *Twin City*, 839 So. 2d at 616. The doctrine of *lex loci contractus,* therefore, applies to Colonial's breach of the enhanced duty of good faith claim. The parties agree the insurance contracts at issue were made in South Carolina, and thus, South Carolina law applies to any contract claims. The district court did not err in finding Colonial's breach of the enhanced duty of good faith claim should be decided under South Carolina law.

C. *Breach of the Enhanced Duty of Good Faith*

In Alabama, insurers have an enhanced duty of good faith to defend their insured under a reservation of rights. *L & S Roofing Supply Co. v. St. Paul Fire & Marine Ins. Co.*, 521 So. 2d 1298, 1303–04 (Ala. 1987). South Carolina does not have a cause of action identical to Alabama's breach of the enhanced duty of good faith under *L & S Roofing*, but has a similar cause of action for breach of the duty of good faith and fair dealing. *See Trimper v. Nationwide Ins. Co.*, 540 F. Supp.

1188, 1193 n.2 (D.S.C. 1982) (explaining that insurers have an enhanced duty to act in good faith and that South Carolina courts have imposed a duty of good faith and fair dealing). A breach of the duty of good faith and fair dealing is a tort in South Carolina.[3] *Tadlock Painting Co. v. Maryland Cas. Co.*, 473 S.E.2d 52, 54–55 (S.C. 1996).

The district court dismissed the breach of enhanced duty claim because South Carolina characterizes a breach of the duty of good faith and fair dealing as a tort claim rather than a contract claim. We have never addressed whether a claim should be dismissed because another state characterizes the claim differently. In a related case, *Twin City Fire Ins. Co. v. Colonial Life & Accident Ins. Co.*, Civ. A. No. 99-D-935-N (M.D. Ala. Aug. 16, 2002), however, District Judge Ira De Ment faced the same issue and reached a different conclusion than the district court in this case. As in the matter *sub judice*, Hartford argued that Colonial had no cause of action because the claim is classified as a contract in Alabama and a tort in South Carolina. In rejecting this argument, Judge De Ment held:

---

[3] The breach of the duty of good faith and fair dealing and bad faith are not separate causes of action in South Carolina. *Ocean Winds Council of Co-Owners, Inc. v. Auto-Owners Ins. Co.*, 241 F. Supp. 2d 572, 577 (D.S.C. 2002).

Twin City draws attention to the fact that South Carolina treats the claim as tortious rather than contractual. . . . [T]he court notes that Twin City has not offered any persuasive reason why this fact should matter. Conflicts rules frequently dictate the application of laws that are different–both in form and substance–from the laws of the forum state. These differences lend significance to conflicts analyses, but they do not permit Twin City's logical contortions. There is no Catch 22 for one simple reason: the court's application of Alabama's choice of law rules entails that it is concerned solely with Alabama's characterization of the claim. Whether South Carolina bases an analogous cause of action in tort, contract, or statutory law is irrelevant. Alabama recognizes the duty as arising in contract, thus requiring reference to South Carolina law to determine the scope of that duty.

There is persuasive authority supporting this conclusion. In *Waddoups v. Amalgamated Sugar Co.*, 54 P.3d 1054, 1059–61 (Utah 2002), the Supreme Court of Utah noted that under Idaho law, wrongful termination in violation of public policy is a contract-based cause of action, and under Utah law, the same cause of action is tort-based. The court employed Utah choice of law analysis to find Idaho law applicable to the wrongful termination claim, and then dismissed the action because the wrongful termination claim pled under Utah law did not state a claim under Idaho law. The court did not dismiss the action because the cause of action was characterized differently in the two states, but because plaintiffs pled the wrongful termination claim under Utah law. *Id; see also Backar v. Western States Producing Co.*, 382 F. Supp. 1170, 1174–75 (W.D. Tex. 1974) (holding that the

law of the controlling state, New York, would determine whether an interest in oil leases was classified realty or personal, regardless of the fact the forum state, Texas, classified the interest differently).

Additionally, the Restatement (Second) of Conflict of Laws leads us to Judge De Ment's conclusion. It provides that choice of law rules "do not themselves determine the rights and liabilities of the parties, but rather guide decision as to which local law rule will be applied to determine these rights and duties." Restatement (Second) of Conflict of Laws § 2 cmt. a(3) (1971). The Restatement further provides "[t]he classification and interpretation of local law concepts and terms are determined in accordance with the law that governs the issue involved." Restatement (Second) of Conflict of Laws § 7(3) (1971).

We agree with Judge De Ment's holding that whether South Carolina classifies the breach of the duty of good faith as a tort is irrelevant.[4] Colonial may or may not have pled sufficient facts for a South Carolina breach of the duty of

---

[4] The district court cited *In re Korean Air Lines Disaster of Sept. 1, 1983*, 117 F.3d 1477 (D.C. Cir. 1997), for the proposition that even in heart wrenching circumstances, there is nothing unusual about a choice of law provision precluding claims in one forum that are available in another forum. That case, however, dealt with a case where the cause of action was available in one forum and not in the other. Hartford cites *Thompson v. Acceptance Insurance Co.*, 689 So. 2d 89 (Ala. Civ. App. 1996), but similarly, that case deals with a cause of action not recognized in the other jurisdiction. In this case, the cause of action, though named differently, is available in South Carolina, but as a tort claim rather than a contract claim.

8

good faith claim in its complaint and the pretrial order.[5] The district court erred, however, in dismissing the claim solely because South Carolina classifies the breach of good faith and fair dealing as a tort.

## III.  REMEDY

The district court also held that, while South Carolina law will govern any claims arising under contract law, Alabama law will govern the remedy in the event liability exists.  The district court cited two older decisions of the Alabama Supreme Court,  *Jones v. Jones*, 18 Ala. 248, 250 (Ala. 1850) and *Macey v. Crum*, 30 So. 2d 666, 669 (Ala. 1947), to support this conclusion.[6]

More recently, however, the Alabama Supreme Court has held the law of the state governing the substantive law must be applied when considering the damages resulting from a breach of contract.  *Shelter Mut. Ins. Co. v. Barton*, 822 So. 2d 1149, 1158 (Ala. 2001).  The court held, "[b]ecause we have held that the

---

[5]  If the district court finds that Colonial pled sufficient facts for a breach of the duty of good faith claim, Hartford's conduct should be measured by South Carolina's "simple" duty of good faith and not Alabama's "enhanced" duty.

[6]  *Jones* states:
> It is a principle of law, admitted by all courts, that the lex loci contractus must govern as to the validity, interpretation, and construction of the contract.  But the remedy to enforce it, or to recover damages for its breach, must be pursued according to the law of the forum where the suit is brought.

18 Ala. at 250.  *Macey* provides "[t]he lex loci controls the validity and construction of the contract but the lex fori operates on the remedy to enforce it."  30 So. 2d at 669.

9

Shelter policy must be construed in accordance with Missouri law, we likewise hold that Missouri law must be applied when considering the damages that resulted from a breach of that contract." *Id.* We hold, pursuant to *Shelter Mutual*, that any remedy for a claim sounding in contract should also be decided under South Carolina law.

## IV. CONCLUSION

We reverse and remand for the district court to determine whether Colonial pled a South Carolina breach of the duty of good faith and fair dealing claim. We also reverse the district court's holding that Alabama law will control the remedy in any contract claims.

REVERSED AND REMANDED.